### GOODYEAR FABRIC CORPORATION v. HIRSS.

#### No. 4311.

Circuit Court of Appeals, First Circuit.

July 16, 1948.

John L. Clark, of Providence, R. I. (William H. Edwards, of Providence, R. I., Howard L. Hyde and Kent W. Woodward, both of Akron, Ohio, and Edwards & Angell, of Providence, R. I., on the brief), for appellant.

Paul H. Hodge, of Providence, R. I. (Worrell & Hodge, of Providence, R. I., on the brief), for appellee.

Before DOBIE, MAHONEY and WOODBURY, JJ.

WOODBURY, Circuit Judge.

This is an appeal from a judgment entered on a verdict in the amount of $57,475 returned by a jury for the plaintiff in an action brought originally in the Superior Court of the State of Rhode Island, but removed by the defendant to the court below there being the requisite diversity of citizenship and amount in controversy, to recover damages for the breach of certain covenants in a lease.

The plaintiff's grantor on September 24, 1943, leased a factory property in Woonsocket known as the Nyanza Mill to the defendant, a Massachusetts corporation, for the term of one year beginning October 1, 1943, giving the defendant as lessee an option to extend the lease for two additional annual terms. The plaintiff purchased the leased property from the original lessor on February 22, 1944, and thereafter the defendant twice renewed the lease for additional one year periods. The lease was finally terminated by agreement of the parties as of December 19, 1945.

After the termination of the lease the plaintiff brought the instant action for breach of covenants therein; alleging in count 1 the defendant's failure to keep the interior of the leased premises in good condition and repair, in count 2 its failure to surrender the premises at the end of the term in substantially as good condition and repair as they were in at the beginning of the term, and in count 3 commission by the defendant of undue waste on the premises.

The defendant answered admitting the lease and its occupancy thereunder as stated, but denying that it had failed to keep the interior of the premises in good condition and repair during the tenancy, that it had failed to surrender the premises at the end of the term in substantially as good condition as they were in at its beginning, and that it had committed undue waste. The action went to trial before a jury with the result stated at the outset of this opinion.

On this appeal the defendant contends that the District Court committed prejudicial error in its charge, and that it erred in refusing to grant the defendant's motion under Rule 59 for a new trial. Wherefore the defendant says that the case should be remanded to the court below to be tried over again. We do not agree.

The portion of the charge complained of by the defendant reads as follows:

"The plaintiff in this case, in order to recover damages from the defendant, must prove by a fair preponderance of the evidence under the pleadings of this case that the defendant failed to keep, at the termination of the lease, the interior of the premises which are the subject of the lease in this case in good condition and repair, except repairs made necessary by fire, the elements or unavoidable casualty;

"That the defendant failed, at the termination of this lease, to surrender the premises to the plaintiff in substantially as good condition as when received, ordinary wear and tear, damage by fire, the elements or unavoidable casualty excepted; or

"That the defendant committed undue waste on the premises."

The defendant complains of this portion of the charge on the ground that it states the defendant's obligations under the lease disjunctively instead of conjunctively—that it authorized the jury to find the defendant liable in the event of a determination that a breach of any one of the covenants standing alone had occurred. Its argument runs thus: It says that the covenant to keep the leased premises in good condition and repair imposed the obligation upon it to put the leased premises in repair at the beginning of the term, and to keep them in repair throughout the tenancy, regardless of the condition in which it found the premises when the term began, and hence that it afforded the lessor protection, indeed was his only protection during the term of the lease. But it says that it gave the lessor no protection after the termination of the tenancy. It argues that the only reasonable interpretation of such a covenant in a lease containing also a covenant to surrender the premises in substantially as good condition as when received is that the covenant to keep in repair is satisfied if at the end of the term the premises as a whole are turned back to the lessor in substantially as good condition as they were in when the tenancy began. "In other words," it says "the crux of this case is the comparative condition of the building at the beginning and at the end of the lease." Therefore the defendant submits that it was error for the court to have charged the jury that the plaintiff was entitled to recover in the event of a finding of a breach of any one of the covenants sued upon, including the covenant to keep in repair, since that covenant could only be sued upon and only obligated the defendant while the tenancy lasted.

Furthermore the defendant says that the court below during the trial adopted the above interpretation of the lease and made that interpretation the law of the case, instructing the jury to that effect in other parts of the charge, so that as a result the charge as a whole was highly confusing and for this reason also constituted prejudicial error.

There is some doubt of the propriety of our considering the defendant's contention of error in the charge at all since Rule 51, Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, provides that a party may not assign as error the giving or the failure to give an instruction unless he makes objection thereto before the jury retires to consider its verdict, "stating distinctly the matter to which he objects and the grounds of his objection," and the record indicates that at the conclusion of the charge counsel for the defendant in conference with the court said that he objected to the portion of the charge quoted above on the ground that it "set out some of the provisions in the lease but not all of them," whereas now he assigns error in the above portion of the charge on the ground that it set out all of the pertinent provisions of the lease, not merely some of them.

However, we pass over this procedural point for we think the defendant's contention unsound on the merits.

The record indicates and the appellant contends that at the trial it was established as the law of the case that the defendant's entire obligation under the lease was to surrender the premises at the end of its tenancy in substantially as good condition as it found them when it took possession, reasonable and ordinary wear and tear excepted. For present purposes we can therefore assume without having to decide that the defendant's construction of the lease is correct. And the quoted portion of the charge read alone can be construed as instructing the jury that the lessee's covenant to keep the premises in repair imposed an obligation upon it independent of the obligations imposed by the covenants to refrain from undue waste and to return the premises at the end of the term in substantially as good condition as when leased. But it does not follow that the charge of the court constituted prejudicial error.

Portions of a charge are not to be scrutinized on appeal apart from their context as isolated verbal phenomena. The charge on the contrary must on appeal be looked at as a whole. And so regarded we think the jury must have clearly understood that the basic issue for it to decide was the comparative condition of the premises at the beginning and at the end of the lease.

In the first place the portion of the charge objected to followed closely after a detailed and accurate description of the complaint and answer and must have been understood as a sort of summation of the pleadings. In the second place the court later on in its charge categorically told the jury: "Now the plaintiff Roberts Hirss, in order to recover in this case, must prove by a fair preponderance of the evidence that the Nyanza Mill was not in substantially as good condition, ordinary wear and tear excepted, at the termination of the lease, on December 19, 1945, as it was at the beginning of the lease on September 24, 1943." Furthermore, in the three paragraphs immediately following this, the court gave the jury detailed instructions as to what it should take into consideration "In determining the comparative condition of the premises at the beginning and at the end of the lease", using this phrase to introduce each paragraph. Under these circumstances we have no hesitation in believing that the jury must certainly have understood that it was to return its verdict on the basis of a comparison of the condition of the premises at the end of the lease with the condition of the premises when the tenancy began.

The defendant contends that the court below ought to have granted its motion under Rule 59 for a new trial because of the error committed in its charge, and also because the verdict returned was against the clear weight of the evidence on the issue of liability and did not do substantial justice between the parties. We have already disposed of the defendant's contention that the charge was prejudicially

erroneous. Its remaining contentions can be briefly disposed of.

■ It will suffice to say without detailed analysis of the record that the evidence as to the condition of the building at the time the lease was entered into and its condition at the end of the tenancy is conflicting. From it the jury could readily have concluded that although the building was not in a particularly good state of repair when the defendant took possession under its lease, it was in a far worse state of repair at the termination of the lease. The jury could have found that in spite of the fact that the defendant had been required to spend many thousands of dollars on repairs to the building at the beginning of the tenancy, it left the building with substantial deposits of rubber cement on the floor, which could only be removed with hand tools at great expense, that it left the electric wiring out of repair, the boilers dismantled or broken, many windows broken, and that it had permitted the temperature to drop so low that many water pipes in the plumbing and water sprinkler systems had burst due to freezing.

An examination of the record convinces us that the verdict rests upon substantial evidence as to liability and was not excessive as a matter of law.

The judgment of the District Court is affirmed.