## McFADDEN v. BALTIMORE & O. R. CO.
### Civ. No. 4363.

United States District Court
W. D. Pennsylvania.
Feb. 1, 1951.

John B. Nicklas, Jr., of McCrady & Nicklas, Pittsburgh, Pa., for plaintiff.

Marvin D. Power, of Casey, Power & Savage, Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is an action to recover damages for personal injuries suffered by the plaintiff while engaged in the furtherance of his employment for the Post Office Department of the United States Government on the premises of the defendant. The case was administered by jury trial and

256

verdict returned in favor of the defendant. Motion for new trial has been filed by the plaintiff.

Diversity of citizenship is the basis of federal jurisdiction, and Pennsylvania law governs the substantive rights of the parties. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

McFadden was hired by the United States Post Office Department on or about December 18, 1944, to transport mail in his truck to and from various railroad depots and the Pittsburgh Post Office. On December 20, 1944, McFadden delivered a truckload of mail to the Baltimore and Ohio Railroad Freight Station which was unloaded, and while McFadden was engaged in loading his truck with mail for return to the Post Office, he sustained serious injuries due to a fall from the endgate of his truck, when a mail hand truck from which he had been loading his truck was pulled away.

Considerable conflict existed in the testimony as to the cause of the accident.

Interrogatories were submitted to the jury, each of which was answered consistent with the verdict returned in favor of the defendant. In addition to finding that the accident was not caused by an employee of the defendant, the jury further found in answer to the interrogatories that the defendant was not guilty of negligence and that the accident was caused by the contributory negligence of the plaintiff.

I do not believe that the verdict rendered was against the weight of the evidence. It is my duty to recognize that a Court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. Co., 3 Cir., 182 F.2d 793. Furthermore, in a motion for a new trial I must assume that the jury has followed the instructions of the Court. Boice v. Bradley, D.C., 92 F.Supp. 750, 751.

It is not difficult to destroy almost any charge or instructions of the court to the jury by isolating certain limited expressions therein, but the charge must be considered as a whole with a view of determining the impression conveyed thereby to the jury. New York, C. & St. L. R. Co. v. Affolder, 8 Cir., 174 F.2d 486. Portions of a charge should not be scrutinized apart from their context as isolated verbal phenomena. Goodyear Fabric Corp. v. Hirss, 1 Cir., 169 F.2d 115.

It is my considered judgment that the instructions given to the jury, taken as a whole, fairly presented the rules of law to be applied by the jury in arriving at their decision.

The motion for new trial is refused, and an appropriate Order is hereby entered.