# Linn v. Duquesne Borough, Appellant.

*Negligence—Damages—Mental suffering.*

Mental suffering cannot be allowed as an element of damages in an action for personal injuries, when it is not a part of the actual injury, but arises afterwards from regret, disappointment or anxiety.

In an action by a married woman to recover damages for permanent injuries to both of her hands, it is error for the court to allow the jury to consider, in addition to the physical and mental suffering caused by the injury and the permanent disability resulting from it, the humiliation and regret that the plaintiff might thereafter feel because of her inability to attend to her household duties and to perform the services she had before performed for her husband.

| 204 | 551 |
| f212 | 550 |
| 204 | 551 |
| f221 | ¹ 68 |
| 204 | 551 |
| 224 | ¹ 16 |
| 204 | 551 |
| 39SC⁴54⁹ | |

Argued Nov. 4, 1902. Appeal, No. 89, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1901, No. 496, on verdict for plaintiff in case of Malinda Linn v. Duquesne Borough. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STOWE, P. J.

At the trial it appeared that the plaintiff was injured on October 14, 1900, by falling into an unguarded opening in a street. She fractured both wrists, and the accident resulted in permanent injury to her hands.

Verdict and judgment to plaintiff for $2,000. Defendant appealed.

*Error assigned* was the instruction on the measure of damages referred to in the opinion of the Supreme Court.

*J. S. Ferguson*, with him *E. G. Ferguson* and *Fred W. Scott*, for appellant.—Damages such as are recoverable at law must not only be the proximate result of the act complained of, but must also be capable of definite ascertainment, or, to use the language of law writers, and the decided cases, must be certain, definite and not speculative in their character. Under this rule damages for mental suffering alone as an independent cause of action were never allowed at common law. An illustration is in the case of an action of a father for the seduction of his daughter: Connelly v. W. U. Tel. Co., 40 S. E. Repr. 618.

Fright, the most terrible of all mental disturbances, is not a cause of action : Victorian Ry. Commrs. v. Coultas, L. R. 13 App. Cas. 222.

Mental suffering can neither be proved nor disproved : Stowe v. Heywood, 89 Mass. 118 ; 1 Sutherland on Damages, pp. 732 et seq.

In no case has it ever been held that mental anguish alone, unaccompanied by an injury to the person, afforded a cause of action: Ewing v. P. C. & St. L. Ry. Co., 147 Pa. 40 ; Allsop v. Allsop, 5 Hurlst. & N., 534 ; Lynch v. Knight, 9 H. L. Cases, 577 ; Connelly v. W. U. Tel. Co., 40 S. E. Repr. 618.

The mental distress and anxiety which may be proved in actions for personal injuries is confined to such as is connected with the bodily injury, and is fairly and reasonably the plain consequence of such injury: Thompson on Negligence, 1258, notes, 4, 5 ; Sedgwick on Damages (7th ed.), 47, note *a ;* Sedgwick on Damages, 543.

In the case of a physical injury, damages for the pain suffered, bodily and mentally, are allowed for the reason that such mental suffering is necessarily a part of the physical injury and inseparable therefrom: Kennon v. Gilmer, 131 U. S. 22 (9 Sup. Ct. Repr. 696).

Sorrow resulting from a miscarriage caused by the accident should not be considered as an element of damage: Augusta & S. R. R. Co. v. Randall, 85 Ga. 297 (11 S. E. Repr. 706).

Mental suffering induced by plaintiff's crippled condition is not an element of damages in actions for personal injuries: Chicago, R. I. & P. Ry. Co. v. Caulfield, 27 U. S. App. 358

(63 Fed. Repr. 396) ; Bovee v. Town of Danville, 53 Vermont, 183.

Anguish of mind, wholly sentimental, arising from contemplation of a disfigurement of person, cannot be considered in an action for personal injuries : C. B. & Q. R. R. Co. v. Hines, 45 Ill. App. 299.

*R. H. Jackson,* with him *J. R. McQuaide,* for appellee.— As to the court's charge upon measure of damages, it has long been decided that mental suffering, accompanying physical pain, is a subject of compensation: Penna. & Ohio Canal Co. v. Graham, 63 Pa. 290 ; McLaughlin v. City of Corry, 77 Pa. 109 ; Scott Twp. v. Montgomery, 95 Pa. 444 ; Rockwell v. Eldred Borough, 7 Pa. Superior Ct. 95 ; Schenkel v. Pittsburg, etc., Traction Co., 194 Pa. 182.

OPINION BY MR. JUSTICE FELL, January 5, 1903 :

The plaintiff, a married woman, fell into an unguarded opening in a street and fractured both wrists. The permanent injury caused by the fall was to her hands, the use of which was to some extent impaired. The instruction on the measure of damages allowed the jury to consider, in addition to the physical and mental suffering caused by the injury and the permanent disability resulting from it, the humiliation and regret that the plaintiff might thereafter feel because of her inability to attend to her household duties and to perform the services she had before performed for her husband. The latter part of the instruction is assigned as error.

Mental suffering has not generally been recognized as an element of damages for which compensation can be allowed, unless it is directly connected with a physical injury or is the direct and natural result of a wanton and intentional wrong. Where a claim is for mental suffering that grows out of or is connected with a physical injury, however slight, there is some basis for determining its genuineness and the extent to which it affects the claimant. But as the basis of an independent action, mental suffering presents no features by which a court or jury can determine either its existence or its extent, and claims founded on it have generally been regarded as too uncertain and speculative for consideration. In Ewing v. Pittsburg, etc.,

Ry. Co., 147 Pa. 40, it was held that fear and nervous excitement and distress caused by a collision of cars on a railroad, producing mental and physical pain and suffering and permanent disability, but unaccompanied by any injury to the person, afforded no ground of action. In Wyman v. Leavitt, 71 Me. 227, recovery was denied for fright and anxiety caused by apprehension of personal injury. In Spade v. Lynn & Boston R. R. Co., 168 Mass. 285,[1] it was held that there could be no recovery for fright and mental suffering nor for bodily injury resulting solely from mental distress. In the last named case, on a review of the authorities on the subject, the exemption from liability is based not on the ground that fright and anxiety do not constitute actual injury, or that mental and physical effects may not be directly traceable as a consequence of unintentional negligence, but on the ground that in practice it is impossible to administer any other rule without opening a wide door to unjust claims which cannot satisfactorily be met. Excepting cases in some jurisdictions where recoveries have been had for the failure to deliver telegrams announcing illness or death or other matters of personal concern but not of pecuniary importance, the instances are very few in which an independent action has been sustained for mental suffering alone. The decided trend of decision both in this country and in England is against the maintenance of such an action, or the allowance for mental suffering as an element of damages when distinct from physical injury.

The cases in which mental suffering has been considered as an element of damages are those in which the suffering was caused by the sense of peril at the time of the physical injury, or was incident to the physical pain and formed a part of the actual injury. Pennsylvania & Ohio Canal Co. v. Graham, 63 Pa. 290, and Scott Township v. Montgomery, 95 Pa. 444, are instances of such cases in this state. In Chicago, Rock Island & Pacific Ry. Co. v. Caulfield, 27 U. S. App. 358,[2] an action by a boy for injuries, it was said that the instruction that the jury in assessing damages might consider his mental suffering because of his crippled condition was erroneous. In Bovee v. Danville, 53 Vt. 183, and in Augusta & Summerville R. R. Co.

---

[1] Also reported in 47 N. E. Repr. 88.

[2] Also reported in 63 Fed. Repr. 396.—Reporter.

v. Randall, 85 Ga. 297,[1] it was held that mental suffering because of disappointed hopes caused by the premature birth of a child as a result of an injury, was not a subject of compensation. In Chicago, Burlington & Quincy R. R. Co. v. Hines, 45 Ill. App. 299, the plaintiff's sorrow because of his crippled condition was rejected as an element of damage. In the opinion in this case it was said : " While in this state it is a well settled rule of law that damages may be allowed in cases like this for the pain, and anguish of mind caused by the personal injury, yet we are not aware of any case holding that anguish of mind, wholly sentimental, arising from a contemplation of a disfigurement of person, can be considered for the purpose of swelling such damages. The words, pain and anguish of mind, are used in a popular sense to denote such as may arise from any cause, and are not necessarily restricted to that arising from personal injury. But the legal meaning of such words found in the reports of decided cases in this state, as will plainly appear from their reading, confines such meaning of the words to such pain and anguish of mind as occur necessarily and spontaneously from any injury of or shock to the nerves of sensation, or such pain and anguish as remain during the continuance of the original and exciting cause and arising therefrom. But where the injury only comes about by reflection or contemplation, then in the legal sense it is not caused by the injury, but arises from and is produced by a combination of causes other than the injury."

The first part of the instruction on the measure of damages allowed a recovery for permanent disability resulting from the injury and for the mental suffering that was a natural incident of the physical pain and inseparable from it. This was as far as the instruction should have gone. The objections to making mental suffering the sole ground of recovery apply with equal force to allowing it as an element of damages when it is not a part of the actual injury but arises afterward from regret, disappointment or anxiety. There are the same opportunities for establishing fanciful or fraudulent claims by testimony which it is impossible to contradict or impeach, and the injustice of holding a defendant responsible for the unforeseen conse-

---

[1] Also reported in 11 S. E. Repr. 706.—Reporter.

quences of mere neglect is as great in one case as the other. The distress of mind occasioned by regret and disappointment and arising after the injury was not an element of damage to be considered by the jury. The assignment relating to the instruction on this subject is sustained, and the judgment is reversed with a venire facias de novo.