# Studebaker et ux. *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Damages—Compensation for disfigurement or deformity—Mental suffering—Instruction to jury.*

1. In estimating damages in the case of a personal injury, where

disfigurement or deformity of the person has occurred, the jury may take such fact into consideration, and allow for mental suffering which is the natural and necessary result of the physical injury.

2. In the trial of an action for personal injuries sustained by a wife in consequence of a collision between the motorcycle, on which she was riding, and defendant's trolley car, caused by the negligence of defendant, where it appeared that plaintiff's face was disfigured as a result of the accident, leaving bad and permanent scars across her cheek and lip, the court made no error in charging the jury that the wife was entitled to recover for "the pain and suffering and the disfigurement or deformity, or whatever you may call it, brought about by this accident."

Argued Oct. 10, 1917. Appeals, Nos. 84 and 85, Oct. T., 1917, by defendant, from judgments of C. P. Allegheny Co., Oct. T., 1915, No. 1312, on verdicts, for plaintiffs in case of R. W. Studebaker and Pearl Studebaker, his Wife, v. Pittsburgh Railways Company. Before Mestrezat, Potter, Stewart, Moschzisker and Walling, JJ. Affirmed.

Trespass by husband and wife to recover damages for personal injuries to the wife. Before Carnahan, J.

The opinion of the Supreme Court states the case. Verdict for wife $2,500 and for husband $1,500, upon which judgments were entered. Defendant appealed.

*Errors assigned* were the instructions to the jury regarding the measure of damages referred to in the opinion of the Supreme Court.

*Richard C. Long,* of *Burleigh & Challener,* for appellant.

*H. Fred Mercer,* for appellees.

Opinion by Mr. Justice Walling, January 7, 1918:

This is an action by husband and wife to recover for personal injuries to the wife. On June 5, 1915, the

plaintiff, Mrs. Studebaker, was riding on a motorcycle in charge of a Mr. Zeigler, in Hawkins avenue, Pittsburgh, when they collided with one of defendant's trolley cars, Mrs. Studebaker being thrown to the pavement or car tracks and receiving injuries. She struck so as to injure her head and face, cutting her lips, nose and cheek and knocking out three of her teeth, and rendering her unconscious. She was removed to the hospital where she received surgical treatment and remained nine weeks. The accident left bad and permanent scars on her cheek and lip. Mrs. Studebaker received other serious injuries including the laceration and tearing of the calf of her right leg to such an extent that the wounds thereon had not healed when the case was tried in January, 1917. The evidence justifies the conclusion that the injuries last named are permanent and will always cause some disability. When hurt she was thirty years of age. The jury found that the accident resulted from defendant's negligence. The only error complained of is the instructions of the trial judge as to the measure of the wife's damages, where he said, "And now, we come to the wife. The wife is only entitled to be compensated for the pain and suffering, and the inconvenience and the disfigurement or deformity, or whatever you may choose to call it, brought about by this accident," and also where instructions to like effect were repeated. There was another assignment of error to the instruction that the jury were not required to find the present worth of damages for future pain and suffering. But that question was ruled adversely to appellant in Bostwick v. Pittsburgh Rys. Co., 255 Pa. 387, and is not pressed here.

In our opinion the jury in assessing damages may properly consider a personal deformity that results from the injuries. "In estimating damages in cases of personal injury where a disfigurement or deformity of the person has occurred, the jury may take such fact into consideration": 13 Cyc. 145. The sufferer is entitled to compensation for mutilation or disfigurement: Suther-

land on Damages, Section 1241. "Where, as the result of a tort, the plaintiff sustains a personal mutilation, which may make him an object of curiosity or ridicule, he may recover for the mortification arising therefrom": Rockwell v. Eldred Borough, 7 Pa. Superior Ct. 95. While the trial judge in the case at bar did not use the term "mental suffering," yet it is familiar law that where such suffering is the result of physical injury it may be considered on the question of damages. In an action for negligence there can be no recovery for mental suffering except it be founded upon physical injury, but where such suffering is the direct and necessary consequence of the physical injury the jury may consider it: McDermott v. Severe, 202 U. S. 600; and see Kennon v. Gilmer, 131 U. S. 22. While there is some lack of uniformity in the decisions on this question in other jurisdictions, we believe the rule as above stated is sound and applies to cases of mutilation and disfigurement, wherever the mental suffering is the natural and necessary result of the physical injury. But alleged mental suffering which is fanciful or imaginary, or which arises from causes disconnected with the physical injury, cannot be considered for the purpose of swelling the damages. In Linn v. Duquesne Borough, 204 Pa. 551, 553, relied upon by appellant, the facts were different. There, "the instruction on the measure of damages allowed the jury to consider, in addition to the physical and mental suffering caused by the injury and the permanent disability resulting from it, the humiliation and regret that the plaintiff might thereafter feel because of her inability to attend to her household duties and to perform the services she had before performed for her husband." The latter clause of such instruction was held error. In that case plaintiff's wrists were so fractured as to somewhat disable her hands; and it was held that her subsequent regret at not being able to perform her household duties as she had formerly done was so distinct from the physical injuries as not to be the subject of compensation.

It would be a harsh rule to permit a husband to recover for loss of his wife's services and also to permit the wife to recover for regret at not being able to perform them. Clearly such regret was not the necessary result of the injuries. The plaintiff there was permitted to recover for physical and mental suffering and permanent disability. In the case at bar defendant submitted no requests for instructions on the question of damages and in our opinion what the trial judge said on that subject was free from error. The verdicts were reasonable and we find no reason for granting a new trial.

The assignments of error are overruled and the judgments are affirmed.