Rosen et al. *v.* Yellow Cab Co. (et al., Appellant).

Argued October 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Ralph S. Croskey,* for appellant.

*Milford J. Meyer*, with him *Abraham T. Needleman* and *Meyer, Lasch, Hankin & Poul,* for appellees.

OPINION BY ROSS, J., January 8, 1948:

In this trespass action for personal injuries sustained by passengers in a taxi cab in a collision between the cab and an automobile, the trial judge who heard the case without a jury rendered verdicts in favor of the plaintiffs and against Jacob Osterneck, the operator of the automobile. Osterneck's motion for a new trial was refused by the court below and he has taken this appeal only from the judgment for $1000.00 entered in favor of Sage Rosen, hereinafter referred to as the plaintiff. It is not contended that the plaintiff was negligent and the negligence of the defendant Osterneck is not disputed.

The collision upon which this action is based occurred in the city of Philadelphia on September 5, 1945, about 2:30 p.m. When the impact occurred, the plaintiff "slid off the seat", "bumped" her shoulder and wrenched her back. At the time of the accident, the plaintiff was between seven and eight months pregnant. She immediately felt abdominal pains and was driven directly to the hospital where "staining" was observed and labor pains set in. The child was born two days later and died five days after birth but it was not shown that it died as a result of its premature birth or the accident.

The learned trial judge based the amount of the verdict for the plaintiff on two factors: "One was the sharp pains in her shoulder, and her wrenched back. At least for two months after the accident, she had trouble with her arm and couldn't carry much or lift anything." The "other factor"—and the validity of this element of damages determines this appeal—was "her nervousness prior to the delivery of the child and her apprehension that the accident might cause a premature birth and injury to the baby".

The defendant admits that "Mrs. Rosen's fear, or whatever it was, was doubtless genuine and subjectively as real to her as to any pregnant woman" but contends that such fear or mental suffering is not a proper element of damages, and in support of his contention cites *Linn v. Duquesne Borough*, 204 Pa. 551, 54 A. 341; *Morris v. Lackawanna & Wyoming Valley R. Co.*, 228 Pa. 198, 77 A. 445, and *Koplin v. Louis K. Liggett Co.*, 322 Pa. 333, 185 A. 744, but those cases do not govern this appeal.

In the *Linn* case, where plaintiff's wrists were fractured, it was held that her subsequent regret at not being able to perform her household duties as she had formerly done was so distinct from the physical injuries as not to be an element of damages, and the Supreme Court held as error an instruction that the jury might consider ". . . in addition to the physical and mental suffering

caused by the injury and the permanent disability resulting from it, the humiliation and regret that the plaintiff might thereafter feel because of her inability to attend to her household duties and to perform the services she had performed for her husband". That case might be applicable to any mental suffering or regret suffered by the plaintiff in this case *after* the birth of her baby but the trial judge limited her element of damage on this phase to "nervousness so far, and only so far, as it related to a fear that the accident would cause a premature birth and some injury to the child as a result of that". In the *Morris* case, plaintiff's miscarriage was caused by nervous shock *unaccompanied by physical injury.* Mr. Justice ELKIN, at page 201, stated: "It is a matter not only of scientific but of common knowledge that miscarriages are often caused by fright or nervous shock, and the testimony in this case simply shows that what frequently happens in the natural order of things did occur. There was no evidence, sufficient to be submitted to a jury, to warrant a finding that the miscarriage was caused by any physical injury." In the *Liggett* case, a customer in a restaurant noticed a centipede in a spoon with which she was eating soup. She didn't touch the centipede and did not put it in her mouth. She became nauseated by seeing the centipede in the spoon but there was no physical contact with it and no physical injury. Consequently, on the theory that her mental suffering or fright was *unaccompanied by physical injury* the Supreme Court denied recovery. Cf. *Menaker v. Milk Co.,* 125 Pa. Superior Ct. 76, 189 A. 714,,where this Court allowed recovery and distinguished the case from the *Liggett* case.

In this case, the plaintiff's mental suffering was accompanied by physical injury and the cases cited by the appellant and many others which lay down the principle that there can be no recovery for mental suffering unaccompanied by physical injuries inferentially recognize as an element of damages mental suffering when

accompanied by physical injury. In the *Linn* case, at page 553, Mr. Justice FELL stated: "Mental suffering has not generally been recognized as an element of damages for which compensation can be allowed, unless it is directly connected with a physical injury or is the direct and natural result of a wanton and intentional wrong. Where a claim is for mental suffering that grows out of or is connected with a physical injury, however slight, there is some basis for determining its genuineness and the extent to which it affects the claimant."

In *Studebaker et ux. v. Pgh. Rwys. Co.*, 260 Pa. 79, 103 A. 532, where recovery for mental suffering or humiliation due to facial disfigurement or mutilation was allowed, the Supreme Court stated at page 82: "In an action for negligence there can be no recovery for mental suffering except it be founded upon physical injury, but where such suffering is the direct and necessary consequence of the physical injury the jury may consider it: McDermott v. Severe, 202 U. S. 600; and see Kennon v. Gilmer, 131 U. S. 22." In 25 C. J. S., beginning on page 552, it is stated: "Mental pain and suffering as a direct and necessary consequence of a physical injury is a distinct element of damages, and the person injured is entitled to compensation therefor, even though no recovery is sought for the physical injury. The mental pain for which compensation may be had under this rule, however, must be such as accompanies the physical injury and is fairly and reasonably the natural consequence which flows from it."

In a well considered and comprehensive opinion the Oregon Supreme Court in *Fehely v. Senders,* 170 Ore. 457, 135 P. 2d 283, 145 A. L. R. 1092, held that apprehension by a pregnant woman, injured in her person by the negligence of another, that from her injury harm may result to her unborn child is such mental suffering as may be properly taken into account in estimating her damage. See collection of cases in 145 A. L. R., page 1109, which is a footnote to the *Fehely* case. In our opinion this is a

sound rule and is applicable to the facts in the instant case. The plaintiff's mental suffering was the direct and natural consequence of the physical injury and, as stated by the learned court below, ". . . it is difficult to imagine a more real or compelling fear in an expectant mother's mind . . . she had abdominal pains while still in the cab and showed signs of labor as soon as she reached the hospital. She had real cause for real fear."

Judgment affirmed.