**CONRY v. BALTIMORE & O. R. CO.**

Civ. A. No. 6897.

United States District Court
W. D. Pennsylvania.

March 6, 1951.

A. M. Oliver, Pittsburgh, Pa., for plaintiff.

Vincent M. Casey (of Casey, Powers & Savage), Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is a claim for damages based on negligence. The case was administered by jury trial. A verdict was returned in favor of the plaintiff and against the defendant in the amount of $20,000.00. Judgment was entered on the verdict.

Motions for judgment notwithstanding the verdict and a new trial have been filed by the defendant.

On the night of the accident the plaintiff, as a pedestrian, was engaged in using the Ninth Street Crossing of said railroad in the Borough of Braddock, Allegheny County, Pennsylvania. His foot caught in a hole at about the middle of the sidewalk of said crossing, which caused him to fall and lose control of his normal faculties. Sometime thereafter he was struck by one of the trains of the defendant at a point approximately one hundred feet west of said crossing. The plaintiff was unable to offer any explanation as to how he became placed on the right of way of the defendant in the position that he was located at the time of his injuries.

The plaintiff is a resident of Pennsylvania and the defendant a Maryland corporation. The accident occurred in Pennsylvania.

Federal jurisdiction is based solely on diversity of citizenship. The Court must, therefore, apply the law of the state in which the action is brought, in-

cluding such state's conflict of laws rules. Reference must, therefore, be made to the place of the tort for the legal effect to be given the facts and evidence. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908; Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Pennsylvania law, therefore, applies.

### I. Motion for Judgment Notwithstanding the Verdict.

The questions of law under Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A., were raised by the defendant's motion for directed verdict during trial, and motion for judgment notwithstanding the verdict after trial.

The problem resolves itself into whether under all the evidence and the reasonable inferences drawn therefrom, considered in the light most favorable to the plaintiff, does a right to. recover exist? Marsh v. Illinois Central Railroad Co., 5 Cir., 175 F.2d 498.

The jury having found the issues in favor of the plaintiff, the Court must take that view of the evidence most favorable to him and the Court must assume that the jury found in his favor all facts which the evidence reasonably tended to prove. Meyonberg v. Pennsylvania, R. R. Co., 3 Cir., 165 F.2d 50; Williams v. Reading Company, 3 Cir., 175 F.2d 32.

Courts are not free to reweigh the evidence and set aside the jury verdict because the jury could have drawn different inferences or conclusions, or because judges feel that other results are more reasonable. Masterson v. Pennsylvania R. R. Co., 3 Cir., 182 F.2d 793.

After viewing the evidence and all inferences reasonably to be drawn therefrom in a light most favorable to the plaintiff, it is my judgment, as a matter of law, that under all the evidence a basis exists for which the law affords· relief to the plaintiff.

### II. Motion for a New Trial.

It is contended:

(a) The Court erred in allowing amendment of the original complaint in that a "new cause" of action was thereby raised after termination of the statutory period.

(b) Plaintiff failed to show a duty on defendant's part to maintain the railway crossing either in his pleadings or in his proof.

(c) The Court erred in instructing the jury relative to wanton negligence.

(d) The Court erred in charging the jury on disfigurement and mutilation when such was not pleaded or supported by evidence.

### Did the Court Err In Allowing Amendment of the Original Complaint In That a "New Cause" of Action Was Thereby Raised After Termination of the Statutory Period?

In the original complaint it was set forth inter alia:

(1) that said accident occurred in the Borough of Braddock where Ninth Street crosses the right of way of defendant;

(2) that while in the act of crossing the tracks of defendant at Ninth Street, plaintiff was caused to fall by the dangerous and unsafe condition of the crossing;

(3) that as a result thereof, plaintiff was rendered unconscious and was struck and run over by a train of defendant; and

(4) that the defendant was negligent in failing to see and observe the plaintiff lying upon its tracks while he was unconscious and in an unprotected condition.

In the course of the first trial, plaintiff introduced evidence supporting the thesis that plaintiff had fallen at the Ninth Street crossing and, while in a dazed condition and without any control over his movements, had proceeded approximately one hundred feet west of the said crossing, at which point while unconscious plaintiff was run over by a train of the defendant. Objection was made to said testimony on the basis that there was a variance between the allegato and the probata.

On the basis of Rule 15 of the Federal Rules of Civil Procedure, plaintiff asked leave to amend the complaint wherein it was, inter alia, set forth: that as a result of the accident described in the orig-

inal complaint, the plaintiff had no control over his mind or movement of his body and, while in said condition, proceeded westwardly along said tracks to a point one hundred feet, more or less, where he collapsed and was lying on said tracks at the time he was struck by a train of the defendant.

Defendant objected on the ground that said amendment stated a new cause of action, and plead surprise. This question when first raised gave little or no time for reflected or considered judgment as to whether or not it was necessary for the plaintiff to amend the complaint in order to be permitted to offer said proof.

As a precautionary matter, the Court granted a continuance due to the representations of the defendant that it would be subject to unfair surprise in being required to proceed to trial on an entirely different theory. This procedure has been suggested in this circuit. Newman v. Zinn, 3 Cir., 164 F.2d 558.

Rule 15 of the Federal Rules of Civil Procedure, which relates to amended pleadings, provides, inter alia, that after the respective pleadings have been served, the party may amend his pleading only by leave of court and leave shall freely be given when justice so requires. Canister Co. v. Leahy, 3 Cir., 182 F.2d 510.

Where evidence is objected to at the trial because not within the issues made by the pleadings, amendments generally are allowed with great liberality. Newman v. Zinn, supra.

An amended pleading is designed to include matters occurring before the filing of the original pleading which have been overlooked or not known at the time the original pleading was filed. Magee v. McNany, D.C., 10 F.R.D. 5.

The power to amend pleadings in matter of form at any stage of case is liberally construed to avoid technical delay in determination of cases on their merits. United States v. Koike, 9 Cir., 164 F.2d 155; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561.

Under the provisions of Rule 15(c) of the Federal Rules of Civil Procedure, it is provided that an amendment will relate back so as to avoid the bar of the statute of limitation if the claim or defense asserted arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.

The original complaint gave notice to the defendant of the nature of the claim and, from the investigation made by the defendant, it was fully aware as to where the accident occurred. If the defendant desired more detailed information to be set forth by the plaintiff, it could have done so by virtue of the provisions of Rule 33 of the Federal Rules of Civil Procedure, or by way of interrogatories. Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843.

In my judgment, the amendment did not set forth a new or different cause of action, nor did it set forth any different state of facts than were presented in the original complaint which gave the defendant notice of all the relevant facts in the case. Straub v. Jaeger, D.C., 9 F.R.D. 672.

The tests to be applied when the question presented is whether an amended complaint presents a new and different cause of action are: (1) did a judgment bar any further action on either, (2) does the same measure of damages support both, (3) is the same defense open in each, and (4) is the same measure of proof required. Mussolino et ux. v. Coxe Bros. & Co., Inc., 357 Pa. 10, 53 A.2d 93.

I cannot accept the argument that the happening of the event one hundred feet west of the crossing so substantially changes the tenor of the complaint as to present a new cause of action.

Where identity of the cause of action remains substantially the same, an amendment of a pleading will take effect by relation and thus relieve against the bar of an intervening limitation. Rooney v. Maczko, 315 Pa. 113, 172 A. 151.

There was only one accident and the injuries which resulted therefrom, and the

only change is the difference in details as to the place of infliction on the right of way of the defendant. Rooney v. Maczko, supra.

I believe no need existed to amend the complaint, but if so, a new cause of action was not stated, and it would be proper to allow the amendment.

Did the Plaintiff Fail To Show a Duty on Defendant's Part to Maintain the Railway Crossing Either in His Pleadings or in His Proof?

What duty rested on the defendant to keep and maintain the crossing in a fit and suitable condition for pedestrian use?

Defendant relies upon Reed v. Allegheny County, 330 Pa. 300, 199 A. 187, which supports the view that where the railroad company holds the practical equivalent of a title in fee, and the easement of a right-of-way across the railroad is in the public, the duty of maintenance, in the absence of other facts or circumstances, rests upon the municipal corporation.

The issue raised in said case related to the liability between the county and the railroad, and in said proceedings the action was originally filed by the plaintiff against the county which brought the railroad upon the record as an additional defendant.

It was held that the primary liability for an accident arising from the defective maintenance of a crossing is ordinarily upon the municipality and whether the railroad company is liable depends upon the facts and circumstances in each particular case.

Such may be the case as between the railroad and the municipal corporation inter se. However, the case of DiBlasi, etc., v. Pennsylvania R. R. Co., 66 Pa. Dist. & Co., 234, affirmed 361 Pa. 181, 63 A.2d 70, develops the point that even though there is no statutory obligation on the part of the railroad to maintain a crossing, there is a common law duty owing to the public to keep the streets occupied by its tracks in good condition; that whatever rights and duties there may be regarding actual maintenance and re-pair of the highway as relating to each other, it in no way absolves them "from the duty they owe to the public first."

The right of way and tracks of the railroad were in the bed of a public street, and in the center of a great metropolis.

The public has a right to cross a highway without being restricted to intersections, and that right is not impaired by the presence of railroad tracks in the bed of a street. Moore et ux. v. Pennsylvania R. Co., 99 Pa. 301.

I believe that either from a statutory or common law basis a duty existed on the defendant railroad to keep the street occupied by its tracks in good condition for pedestrian use. DiBlasi, etc., v. Pennsylvania R. R. Co., supra.

Did the Court Err in Instructing the Jury Relative to Wanton Negligence?

Under the plaintiff's theory—

(1) the original act of negligence occurred at the crossing;

(2) the plaintiff's position on the tracks of the defendant was caused by the original negligence of the defendant; and

(3) the plaintiff was not a willing trespasser since he had no control over being placed in his position of danger.

It is not wanton negligence to fail to use care to discover the presence of an unanticipated trespasser on the defendant's right of way, or railroad track, but it is wanton negligence to fail to use ordinary and reasonable care to avoid injury to a trespasser after his presence has been ascertained. Frederick v. Philadelphia Rapid Transit Co., 337 Pa. 136, 10 A.2d 576; Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166, 169, 170, 47 A. 938, 53 L.R.A. 330; Pollack v. Pennsylvania R. Co., 210 Pa. 631, 633, 634, 60 A. 311; Petrowski v. Philadelphia & Reading Ry. Co., 263 Pa. 531, 536, 107 A. 381; Minute v. Philadelphia & Reading Ry. Co., 264 Pa. 93, 107 A. 662; Cover v. Hershey Transit Co., 290 Pa. 551, 557, 139 A. 266; Restatement of Torts, Sec. 336.

Unless the defendant is apprized of the plaintiff's presence, no duty in regard to

his safety arises, but if the defendant is put on guard as to the plaintiff's presence, the latter immediately acquires the right to proper protection under the circumstances. Green v. Reading Co., 3 Cir., 183 F.2d 716.

■ Since under the testimony the jury could justifiably find the defendant was negligent in the maintenance of said crossing, and that as a result thereof the plaintiff became in an unconscious or dazed condition and placed on the tracks of the defendant some one hundred feet west of the crossing, it became obligatory for the Court to charge on wanton negligence.

Did the Court Err in Charging the Jury on Disfigurement and Mutilation When Such Was Not Pleaded or Supported by Evidence?

The complaint sets forth, inter alia, "that the right leg of the plaintiff was severed from his body and that he has and will suffer great pain and inconvenience."

■ I construe this language in accordance with its all inclusive tenor to include mental as well as physical pain and inconvenience. There is no question but that the amputation of the leg caused a disfigurement or deformity of the plaintiff. It was proper for the jury to take into consideration such fact and allow for mental suffering which was a natural and necessary result of the physical injury. Studebaker v. Pittsburgh Rys. Co., Appellant, 260 Pa. 79, 103 A. 532; McDermott v. Severe, 202 U.S. 600, 26 S. Ct. 709, 50 L.Ed. 1162.

It would have been possible for the defendant to have secured detailed information as to the nature of the pain and inconvenience suffered by the plaintiff if the defendant had so desired. Lincoln v. Herr, D.C., 6 F.R.D. 209; Sierocinski v. E. I. Du Pont De Nemours & Co., supra.

■ It is not difficult to destroy almost any charge or instructions of the court to the jury by isolating certain limited expressions therein, but the charge must be considered as a whole with a view of determining the impression conveyed thereby to the jury. New York, C. & St.

L. R. Co. v. Affolder, 8 Cir., 174 F.2d 486. Portions of a charge should not be scrutinized apart from their context as isolated verbal phenomena. Goodyear Fabric Corp. v. Hirss, 1 Cir., 169 F.2d 115.

■ I do not believe that the verdict rendered was against the evidence or the law. I must assume that the jury has followed the instructions of the court. Boice v. Bradley, D.C., 92 F.Supp. 750, 751.

It is my considered judgment that the instructions given to the jury, taken as a whole, fairly presented the rules of law to be applied by the jury in arriving at their decision.

Motion for judgment notwithstanding the verdict and motion for new trial are denied.