**HAYES v. BALTIMORE & O. R. CO.**

Civ. A. No. 9785.

United States District Court
W. D. Pennsylvania.

June 12, 1953.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Marvin D. Power, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Plaintiff alleged and, at the trial by jury, offered evidence to prove that the injury he sustained in the head-on collision of two of defendant's trains resulted in his being permanently disabled. At the time of the accident plaintiff was a fireman on one of the two locomotives involved in the collision, and he suffered the injury when he jumped from the cab just before the crash, breaking his right wrist. The jury returned a verdict for plaintiff for $32,500 and the case is now before us on defendant's motion for a new trial based on the following reasons:

1. The verdict is against the evidence.

2. The verdict is against the weight of the evidence.

3. The verdict is excessive.

4. The verdict is against the instruction of the Court.

5. The Court erred in the admission and exclusion of evidence.

6. That the Court erred in admitting testimony of the plaintiff's inability to work upon the basis that this was proof of future damages only, after the plaintiff himself had shown the difference in the operation of B. & O. locomotives and locomotives operated on other railroads.

7. That the Court erred in refusing to receive the testimony of the witness Weaver as to his ability to work as a fireman, he having suffered a similar injury to that of the plaintiff.

8. That the Court erred in refusing to instruct the jury as to plaintiff's future rights to employment being governed by a Union agreement, after a juror made a request for information as to future employment.

■ All of the assigned reasons are without merit. As to the first two reasons, defendant at the trial of the case admitted that it was liable for the negligence causing the accident, and, that the only question involved was the amount of plaintiff's damage. Defendant also admitted some loss of use in plaintiff's wrist but contended that despite the disability, he was now capable of performing the duties of an engineer. There was, however, ample evidence from which the jury could properly find that the disability would continue to prevent his assuming those duties.

■ Nor was the verdict excessive. A week or so before the accident, plaintiff had been promoted from fireman to engineer. He was at that time in good health and, being only thirty-two years of age, had more than thirty years before reaching retirement age. Of the $32,500 awarded in the verdict, a large part thereof represents loss of wages up until the time of trial and subsequent thereto, leaving the balance to past and future pain, suffering and inconvenience.

■ Concerning the fourth reason, defendant in its brief urged that the jury had disregarded the instructions of the Court as to plaintiff's duty to minimize his financial loss, emphasizing that plaintiff did not attempt to return to his work either as fireman or engineer. No discussion of this point is necessary as the record shows that plaintiff had been advised by his doctor that the condition of his wrist would not permit his return to work.

As to plaintiff's failure to get into a line of endeavor other than the railroad duties he had learned, the Court cannot assume that the jury, in bringing in a verdict for $32,500, had neglected to take into consideration this aspect of the problem. Had they ignored the fact that plaintiff might be expected to apply himself in other gainful employment, the verdict could well have exceeded $32,500.

■ Defendant's fifth point refers in particular to the alleged error of the Court in admitting testimony concerning the equipment and mode of operation of locomotives other than those used on defendant's line, the theory being that defendant railroad had its locomotives made to its own specifications, and that testimony establishing what an engineer must do on other railroads was not relevant. The evidence of what is required of enginemen on other railroads was clearly relevant to the general question of impairment of his power to earn money as an engineer employed by other railroads, as he had a right to be, and the Court so ruled. The error, if any, of receiving the testimony in the first instance without limitation was rendered harmless when the Court a little later pointed out that it was being received only on the aspect of employment outside of defendant's organization. For harmless error, no new trial may be granted. See rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C. Moreover, defendant made no requests for instructions on this point, nor were any objections made as required by Rule 51 of the Rules, supra.

■ The seventh and eighth reasons refer to the Court's refusal to admit collateral matters into the trial of the case. The Court believes not only that its rulings were proper, but that prejudicial error might have resulted had the rulings been otherwise. The wrist injury of another engineman, who was working despite the injury, arose out of a fracture similar to but admittedly not the same as the fracture suffered by plaintiff. The juror's question about plaintiff's being assured a lifetime job was asked after the Court had instructed the jury, and could not be answered as defendant requested without bringing into the case the Union agreement which was not in evidence, and which would, therefore, not be controlling.

Both sides had a fair hearing, with a full opportunity to present the evidence and argue the case to the jury, and I am of the opinion that the verdict of the jury should not be disturbed.