## Fincke *v.* Crichley, Appellant.

Argued November 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Harold E. McCamey,* with him *Joseph P. Fisher* and *Dickie, McCamey, Chilcote, Reif & Robinson,* for appellant.

*Frederic G. Weir,* with him *Oliver, Brandon & Shearer,* for appellees.

PER CURIAM, January 14, 1955:

In a trespass action brought by the parents of a four year old boy for injuries received by him when struck by an automobile driven by the defendant the jury awarded the minor $5000 and the parents in their own right $2500. The parents of the minor proved hos-

pital, medical and other specific items of expense totalling $1376.

The sole question presented to us is whether the lower court erred in not reducing the $2500 verdict to $1376. We think it did not.

The child suffered a fracture of the left thigh, a fracture of the left shoulder bone, a fracture of the skull and a concussion of the brain, in addition to some minor injuries.

An orthopedic surgeon testified that he united the fractured bone of the child's leg by using a metal plate affixed to the severed portions of the bone by screws. He stated that he regarded the operation as successful and that the metal plate and screws should remain in place indefinitely and that the child had made a good recovery from a surgical point of view. He also stated, however, that the screws sometimes become loose in a case of this sort, causing irritation and possibly osteomyelitis, in either of which events further surgery is required.

The mother of the child testified that he now walks with a slight limp.

A neurologist testifying with regard to the head injuries, stated that he saw the child for the first time on January 12, 1952, and at that time he made a diagnosis of post traumatic neurosis and post traumatic syndrome, including headaches, lack of attention, inability to retain and difficulty in concentration and recall. He further stated that he saw the child on four other occasions, the last time being April 13, 1954, about a month prior to trial, when he made the same diagnosis, and prescribed glutamic acid, which medication was still being taken by the child at the time of trial. He also testified that he was unable to give any estimate of the duration or future course of the syndrome or neurosis.

Thus at the time of the trial (3 years after the injury) the child was walking with a slight limp, and was suffering from post traumatic neurosis and post traumatic syndrome for which he was still being treated.

The amount of a verdict should be reduced by this court only where it is so grossly excessive that it shocks our sense of justice and indicates a clear abuse of discretion on the part of the court below. *Dichiero et al. v. Pittsburgh Railways Company*, 313 Pa. 93, 169 A. 82 (1933); *Huey et vir v. Blue Ridge Transportation Co.*, 350 Pa. 488, 39 A. 2d 602 (1944); *Contillo et vir v. Pittsburgh*, 158 Pa. Superior Ct. 524, 45 A. 2d 366 (1946); *Perzak v. Coulter*, 171 Pa. Superior Ct. 475, 90 A. 2d 256 (1952).

We find nothing in the record, which was brought before us under rule 41 of this court, to shock our sense of justice at the verdict of $2500. See *Bourd et al. v. Berman*, 359 Pa. 183, 58 A. 2d 442 (1948).

Certainly under the circumstances the two verdicts together are not excessive. See *Cook v. Miller Transport Co. Inc.*, 319 Pa. 85, 179 A. 429 (1935).

Judgment affirmed.