**Dale M. GREEN and Eileen M. Green, his wife,**

v.

**UNITED STATES of America.**

**Civ. A. No. 11730.**

United States District Court
W. D. Pennsylvania.

Dec. 12, 1955.

**370**

Harry E. McWhinney, Pittsburgh, Pa., for plaintiffs.

John A. DeMay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This is a suit for damages arising out of a collision between a motor vehicle of the United States and a motor vehicle operated by one of the party plaintiffs.

The proceedings are brought against the United States of America pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C.A. § 2671 et seq.

The negligence of the United States is admitted, so that the determination of this court relates solely to damages.

The case was tried without a jury and the following findings of fact, conclusions of law and order are herewith entered.

### Findings of Fact

1. The plaintiffs, Dale M. Green and Eileen M. Green, his wife, are individuals residing at 142 Green Drive, in the Borough of Pleasant Hills, Allegheny County, Pennsylvania.

2. The defendant, the United States of America, was at all times pertinent to this matter operating a military installation in the Borough of West Mifflin, Allegheny County, Pennsylvania.

3. At or about 9:10 A. M. on the morning of April 9, 1953, the wife plaintiff, Eileen M. Green, was operating a 1952 Mercury Monterey coupe owned by the husband plaintiff, Dale M. Green, along Lebanon Church Road in the Borough of West Mifflin, Allegheny County, Pennsylvania.

4. At the same time and place, the said automobile was struck by a 2½ ton truck owned by the United States, and operated by one of the soldiers of the said military installation in the scope of his office or employment. The force of the impact catapulted the Green automobile out of its own lane, completely across an intervening lane, and over into the far left-hand lane of a four-lane highway.

5. The negligence of the United States is admitted.

6. As a result of the said accident the wife plaintiff, Eileen M. Green, received certain physical injuries and the automobile of the husband plaintiff, Dale M. Green, was damaged. The damage to the said automobile of the husband plaintiff, Dale M. Green, is $650 which latter fact has been stipulated by counsel.

7. The wife plaintiff, Eileen M. Green, is a housewife, age 34 years. Prior to the accident the wife plaintiff was in good health. She was employed, kept house, raised a child. Wife plaintiff did her own housework without help.

8. The wife plaintiff was taken to Homestead Hospital immediately after the accident, examined, and released. Wife plaintiff could not move her head and neck the day after the accident. She had aches and pains in her head, legs, arms and back.

9. The wife plaintiff was confined to her bed for a week following the accident. Pain over her whole body continued for a month in a severe state, and

she was confined to her home for that month. During the first month she experienced difficulty in raising her head. She was unable to perform her household duties for one month and was partially impaired from returning to full household duties and work since the accident.

10. The wife plaintiff has been treated by her family physician, Dr. A. M. Williams, for injuries received in this accident commencing on April 14, 1953.

11. The injuries received by the wife plaintiff constitute a whip-lash injury, resulting in trauma to the ligaments along the vertebral column, and possible hemorrhage along the vertebral column. She suffers recurrent headaches. X-ray photographs do not indicate any demonstrable cleavage or process to the bone structure. The wife plaintiff has spasm, limitation of motion and pain in the cervical area. The injuries suffered by the wife plaintiff were caused by the trauma of the automobile accident on April 9, 1953.

12. Upon examination by the government's orthopedic specialist in September, 1954, the findings were of a lumbo and lumbo-sacral traumatic strain, back strain, and a whip-lash injury to the cervical spine. The government's orthopedic specialist found a 20 percent limitation of bending to the side and back, a year and a half after the accident.

13. At present wife plaintiff has a 10 percent limitation in forward bending of the head, 10 percent limitation in abduction and rotation of the arms and shoulders. Wife plaintiff has a 15 percent limitation on forward bending of the spine and back and 5 percent limitation on the backward bending of the spine and back. She has an 8 percent limitation of twisting motion in the back. Wife plaintiff has a 5 percent limitation of motion of the right knee which creates pain in walking or standing. She has pain and difficulty in bending the right knee, kneeling, or walking up and down steps. Certain objective symptoms such as spasm and limited motion, are observable in the wife plaintiff. The

limitations were the result of the accident.

14. As a result of the accident, the following expenses were incurred: The sum of $6 was paid to Homestead Hospital for emergency treatment. Wife plaintiff paid Mr. and Mrs. Joseph McShane, her mother and father, the sum of $150 for housecleaning help. Wife plaintiff hired housecleaning help in May of 1953, costing $17.50. She lost five weeks of wages in the months of May and June in 1953 in the amount of $12.50 per week.

Wife plaintiff has had the following medical expenses to date: Bill of Dr. John Malcolm, $25; Bill of Dr. John Miller, $10; druggist bills, $69, and the bill for the services of Dr. A. M. Williams in the amount of $510.

15. Wife plaintiff was not ill prior to the accident. She had no complaints prior to the accident but has complained concerning her back since the accident, to her social friends and acquaintances. Prior to the accident, wife plaintiff was more active, patient and uncomplaining, and since the accident she has complained of her headaches, back and neck frequently, and on several occasions been bedfast by the same.

16. Wife plaintiff has a sensation of tingling or pins and needles through both arms and both legs upon relaxing, commonly called "going to sleep". This sensation occurs about two to three minutes after the plaintiff sits or relaxes. This sensation creates a numbness or lack of feeling in the hands, arms, legs and feet.

17. Wife plaintiff has suffered from the time of the accident and continues to suffer from a severe headache on the right side of her head, starting at the back of the head, going up along the right side of the face and temple, her nose becomes stuffed and her face is sore. These headaches are followed for the next two or three days by dizzy spells. Such headaches occurred on frequent occasion during the first year after the accident. In 1954 they would occur two or three times a month. During the pres-

ent year, they occur four to six weeks apart. Wife plaintiff has nausea with her headaches.

18. Wife plaintiff continues to have pain at the back of her neck. The pain in her neck increases when her head is turned from side to side or up and down. In addition, this pain becomes more severe if there is exertion on the part of the plaintiff, and extends to the shoulders. The middle and low portion of wife plaintiff's back is painful. These pains in the lumbar and coccyx regions occur when wife plaintiff stoops, bends, reaches or raises her body.

19. Damages to the husband plaintiff, Dale M. Green, may be appraised as follows:

Loss in value to automobile...$ 650.00
Medical expenses............. 614.00
Hospital charge.............. 6.00
Household help.............. 167.50
Loss of consortium, 4 mos..... 500.00
    Total ..................$1937.50

20. Damages to the wife plaintiff, Eileen M. Green, may be appraised as follows:

Loss of wages, 5 wks.
   at $12.50..................$ 62.50
Pain and suffering, past,
   present and future......... 3500.00
    Total ..................$3562.50

### Conclusions of Law

1. Jurisdiction is conferred upon this Court under the provisions of 28 U.S.C.A. § 1346(b).

2. The United States of America, defendant, has admitted liability.

3. Under all the law and the evidence, judgment should be entered in behalf of plaintiff husband, Dale M. Green, in the amount of $1,937.50.

4. Under all the law and the evidence, judgment should be entered in behalf of wife plaintiff, Eileen M. Green, in the amount of $3,562.50.

An appropriate order is entered.