**Winant C. GAGE, Charlotte A. Gage, and William Gage, an infant, by Winant C. Gage, his guardian ad litem**

**v.**

**Americo F. RIZZO and Harry Angelo.**

**Civ. A. No. 14172.**

United States District Court
E. D. Pennsylvania.

Feb. 28, 1957.

Aaron S. Swartz 3rd, Norristown, Pa., and Donald L. Ochs, Staten Island, N. Y., for plaintiffs.

Louis Greenblatt, Philadelphia, Pa., for defendants.

Howard R. Detweiler, Philadelphia, Pa., for cross-claimants.

VAN DUSEN, District Judge.

The trial judge makes the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. About 1:15 A.M. on July 22, 1951 (a clear, dry night), the plaintiff, Winant C. Gage, was operating the 1950 Pontiac sedan owned jointly by himself and his wife in a northerly direction on Route 202 some two or three miles north of Norristown.

2. Passengers in the automobile were the wife of the operator, Charlotte A. Gage, who was seated on the front seat, and his son, William Gage, who was seated in the back seat.

3. Route 202 at and near the scene of the accident was a slightly crowned black-top road divided in the center by a broken white line. It is a two-lane highway, approximately 22 feet in width, with 24-inch shoulders on each side.

4. Mr. Gage was operating his automobile at a speed of approximately thirty-five miles an hour with his lights on low beam.

5. As the plaintiff, Mr. Gage, approached the scene of the accident, the road was straightaway and he had visibility of one thousand to fifteen hundred feet up to a point where the road curved.

6. At the same place and approximately 1:15 A.M. on the same date, the defendant, Americo F. Rizzo, was operating a 1947 G. M. C. Two Ton Stake-Body Truck as an agent of, and in the employment of, his father-in-law, the defendant Harry Angelo, who was the owner of the truck.

7. The defendant, Americo F. Rizzo, was operating said truck with his lights on in a southerly direction on Route 202, headed towards Norristown.

8. When the vehicles going in opposite directions were at the point of passing, the truck operated by Americo F. Rizzo crossed over the white line and struck the automobile operated by the plaintiff, Winant C. Gage, which was

on its proper side of the highway (Exhibit C–1). The extension of the truck body behind the cab at the left-hand front corner hit the automobile to the rear of the door post at the rear of the left door.

9. After the impact, the plaintiffs' automobile went off its right-hand side of the road and struck a telephone pole.

10. The defendant's truck veered back onto its right-hand side of the highway.

11. Immediately after the accident, there was debris, including dirt and a piece of chrome, on the plaintiffs' right-hand or east side of the highway.

12. At the scene of the accident, immediately thereafter, there were skid marks commencing on the west side of the highway leading across the center line to the point of impact and then returning again to the west side of Route 202 (N. T. 46, 47, 49, 59, 65, and sketches prepared at the trial by the police officers marked Exhibit P–2).

13. As a result of the accident, the car owned by the plaintiffs, Winant C. Gage and Charlotte A. Gage, was damaged to the extent of $858.38 (N. T. 16 and Exhibit P–1).

14. As a result of the accident, the plaintiff, Winant C. Gage suffered a scalp wound the size of a quarter; injury to both shins leaving a three-inch scar on the left one; a hematoma of the lower left back causing a large area of discoloration. These injuries required a half-dozen visits to a physician during approximately 45 days. The back injury resulted in a steady, aching pain for 24 hours a day for about three weeks (N. T. 13, 14, 15 & 41). The contusions on the shins cleared up in about three weeks.

15. As a result of the accident, the plaintiff Charlotte A. Gage's head hit and shattered the windshield. She suffered (a) a laceration about one inch in length on the right side of her head, scalp and forehead (which laceration contained many fragments of glass); (b) multiple small lacerations of the right forearm below the elbow; (c) multiple lacerations of the right knee; (d) contusions and abrasions of the left shoulder; (e) contusions of both wrists resulting in a ganglion on the right wrist (a cyst of the tendon sheath), which developed within two weeks of the accident; (f) severe ("terrific") headaches; (g) increased nervousness; and (h) dizzy spells.

16. These injuries, mentioned in paragraph 15, and their treatment caused Mrs. Gage to suffer pain. She required sedatives immediately after the accident and until October 24, 1951, for her pain and nervousness.

17. As a result of the accident, Mrs. Gage was obliged to visit her physician on about 20 occasions between July 23, 1951, and October 24, 1951 (depositions, 8, 20).

18. As a result of the accident, Dr. Timpone became entitled to the amount of $100 for services rendered to Mrs. Gage (depositions, p. 17).

19. Although Mrs. Gage's severe headaches had decreased in intensity and frequency at the time of trial, she still suffered from shooting pains in her head when she became nervous (N. T. 82), dizzy spells, increased nervousness causing loss of sleep, and permanent scars on her scalp and an abnormal wrist where the ganglion grew.

20. The injury to her right wrist has resulted in a permanent partial loss of use of her right hand and Mrs. Gage is unable to lift heavy objects with it as she can with her other hand (N. T. 85).

21. The injuries suffered by the minor plaintiff, William Gage, as a result of the accident were negligible (N. T. 92).

22. The defendant, Americo F. Rizzo, at the time of the accident, was an employee of his father-in-law, Harry Angelo, acting in the scope of his employment (N. T. 112).

23. The court also finds as facts paragraphs 1, 7, 10, 17, 21, 22 and 28 of defendants' Requests for Findings of

Fact and paragraphs 5, 6, and 7 of the Requests for Findings of Fact filed by the attorney for Winant C. Gage and Charlotte A. Gage, as defendants on the counterclaim.

All requested Findings of Fact inconsistent with the foregoing are denied.

Conclusions of Law

1. The court has jurisdiction over the parties and the subject matter, except as to the claim of the minor son, William Gage (see paragraph 7 below).

2. Americo F. Rizzo was negligent and this negligence was a substantial factor in causing the injuries suffered by plaintiffs. Harry Angelo is responsible for this negligence of his agent and servant, Mr. Rizzo, who was acting on his master's business.

3. Winant C. Gage and Charlotte A. Gage were not negligent and, furthermore, any possible negligence on their part did not contribute to either the accident or the injuries.

4. Winant C. Gage, husband plaintiff's, damages for pain, suffering, injury and inconvenience are $700.[1] His damages for loss of consortium are $1,000.00. See Grobengieser v. Clearfield Cheese Co., D.C.W.D.Pa.1950, 94 F.Supp. 402. His out-of-pocket recovery is $529.19.[2]

5. Although plaintiff's damages are less than $3,000, his claim was made in "good faith." See St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845, and Silvers v. Maryland Casualty Co., 3 Cir., 239 F.2d 865.[3] Under these circumstances, the court does have jurisdiction over the parties and the subject matter, and will enter judgment in the amount of $2,229.19 in favor of Winant C. Gage, plaintiff, against Americo F. Rizzo and Harry Angelo, defendants.[4]

6. The court has jurisdiction over the claim of Charlotte A. Gage, wife plaintiff, against Americo F. Rizzo and Harry Angelo. She is entitled to recover $7,929.19, computed as follows:

| | | |
|---|---|---|
| a. | Her share of the damages to the car | $ 429.19 |
| b. | Pain, suffering, injury and inconvenience, as described in Findings of Fact 15, 16, 17, 19 and 20[5] | 7,500.00 |

1. Martin v. United States, D.C.W.D.Pa. 1953, 117 F.Supp. 92; Cardwell v. United States, D.C.E.D.Pa.1952, 108 F.Supp. 578; Early v. American Dredging Co., D.C.E.D.Pa.1951, 101 F.Supp. 393; Rosen v. Yellow Cab Co., 1948, 162 Pa. Super. 58, 56 A.2d 398. Cf. Green v. United States, D.C.W.D.Pa.1955, 136 F.Supp. 369; Duffy v. Monongahela Conn. R. Co., 1952, 371 Pa. 361, 89 A.2d 804; Kopka v. Bell Telephone Co. of Pa., 1952, 371 Pa. 444, 91 A.2d 232; Smith v. Allegheny County, 1954, 377 Pa. 365, 105 A.2d 137.

2. See Findings of Fact 13 ($429.19 is his share of the repair bill of the jointly owned car) and 18 (wife's medical bill).

3. See, also, McDonald v. Patton, 4 Cir., 1957, 240 F.2d 424.

4. Bell v. Mykytiuk, D.C.E.D.Pa.1955, 135 F.Supp. 167, is inapplicable because in that case the damages were so trifling as compared to the $3,000 jurisdictional amount.

5. As to the wrist injury, including permanent, partial loss of use of wrist, see Knickerbocker v. City of Scranton, 1942, 344 Pa. 317, 25 A.2d 152; Nossokoff v. City of Pittsburgh, 1955, 380 Pa. 422, 110 A.2d 246; and Hayes v. Baltimore & O. R. Co., D.C.W.D.Pa.1953, 112 F.Supp. 605.

As to larcerations of scalp and aggravation of nervous condition, including continued headaches, dizziness and loss of sleep, see Fincke v. Crichley, 1955, 177 Pa.Super. 61, 110 A.2d 815; Grobengieser v. Clearfield Cheese Co., supra; Perks v. West, D.C.W.D.Pa.1949, 84 F.Supp. 203; and Young v. Wilky Carrier Corp., D.C. E.D.Pa.1944, 54 F.Supp. 912. Cf. Burgan v. City of Pittsburgh, 1953, 373 Pa. 608, 612, 613, 96 A.2d 889; Libengood v. Pennsylvania R. R. Co., 1947, 358 Pa. 7, 55 A.2d 756; and Franklin v. United States, D.C.N.D.W.Va.1954, 124 F.Supp. 953, 958.

The inflation which has taken place in this country since World War II has been taken into consideration in the use of several of the foregoing authorities as precedents.

7. The court does not have jurisdiction over the claim of William Gage, infant plaintiff, brought by Winant C. Gage, his guardian ad litem, because the allegation of damages in excess of $3,000 was not made in "good faith" within the meaning of the St. Paul Mercury Indemnity Co. case, supra, at Conclusion of Law No. 5. See Bell v. Mykytiuk, D.C.E.D.Pa.1955, 135 F.Supp. 167.

8. Defendant on the cross-claim and the counterclaim, Winant C. Gage, was not negligent and, therefore, the cross-claim of Americo F. Rizzo and Harry Angelo against Winant C. Gage and the counterclaim of Harry Angelo against Winant C. Gage and Charlotte A. Gage are both denied.

## Discussion

This case involves a collision of two motor vehicles passing each other after midnight on a dry, clear July night. The defendant, Harry Angelo, has filed a counterclaim against plaintiffs for recovery of damages to his truck and the defendants have filed a cross-claim against Mr. Gage (husband plaintiff) "for all the claims asserted in this action by the plaintiffs" in the complaint against the defendants. The road was straight and neither car was travelling at an excessive speed. The trial judge rejects defendants' contention in their brief that Mr. and Mrs. Gage are not worthy of belief. They, particularly Mr. Gage, impressed the trial judge as accurate and truthful witnesses.

The important issue in this case is one of fact—namely, was the point of impact in the east (northbound) or west (southbound) lane of Route 202. The two disinterested witnesses (police officers), who arrived on the scene within a quarter hour of the accident,[6] both determined that this point of impact was in the east lane from the debris on the road, the skid marks of the truck, the marks on the vehicles, the position where the cars stopped after the impact, etc.[7]

Officer Koffel arrived on the scene before 1:20 A.M. He found debris in the east lane and skid marks from the truck's left rear wheel leading back across the white center line into the east lane, so that the body of the truck which hit plaintiffs' car had clearly extended over the white line into the east lane of the highway[8] (N. T. 43 ff.). He was positive that extension of the truck body back of the cab hit the plaintiffs' car, which testimony corresponded with that given by the husband plaintiff.[9] Officer Koffel testified that he made no report because the accident occurred on the east side of the highway in Lower Gwynedd Township (N. T. 52).

Chief Rempp of Lower Gwynedd Township testified that he corroborated the testimony of Officer Koffel, except that the truck had been moved from the place it stopped after the collision by the time he arrived (N. T. 63). He stated that the debris from the collision was on the east side of the highway (N. T. 64, 72).[10]

## Order

And Now, February 28, 1957, It Is Ordered that:

(a) Defendants' motion to dismiss the action at the conclusion of plaintiffs'

6. N.T. 63.

7. In this connection, it is important to note that the center line of Route 202 is the boundary line of Upper and Lower Gwynedd Townships. Officer Koffel of Upper Gwynedd was the first to arrive at the scene of the accident (N. T. 51, 52). If Mr. Gage had crossed the center line, the accident would have occurred in the west lane and in his Township and he would have taken charge. However, when Chief Rempp arrived five minutes later, it was agreed that he had jurisdiction in the matter. The testimony of these officers at the trial was clear and precise, but even more important is their decision at the time of the accident that the Lower Gwynedd Police Force, having jurisdiction of the east lane of traffic, should be in control of the situation. This decision necessarily involved a finding of negligence on the part of the defendant, Americo F. Rizzo.

8. See Exhibit P–2.

9. See Exhibit C–1.

10. See, also, Exhibit P–3 drawn by Chief Rempp (N. T. 64–6).

case and their motion for the entry of judgment in their favor on the complaint at the conclusion of the trial are Denied;

(b) Judgment be entered in favor of Winant C. Gage, plaintiff, against Americo F. Rizzo and Harry Angelo, defendants, in the amount of $2,229.19 with costs;

(c) Judgment be entered in favor of Charlotte A. Gage, plaintiff, against Americo F. Rizzo and Harry Angelo, defendants, in the amount of $7,929.19 with costs;

(d) Judgment be entered in favor of Americo F. Rizzo and Harry Angelo, defendants, against William Gage, an infant, by Winant C. Gage, his guardian ad litem, plaintiff, with costs.

(e) Judgment be entered on the cross-claim in favor of Winant C. Gage, defendant on cross-claim, against Americo F. Rizzo and Harry Angelo, plaintiffs on the cross-claim, with costs;

(f) Judgment be entered on the counterclaim in favor of Winant C. Gage and Charlotte A. Gage, defendants on the counterclaim, against Harry Angelo, plaintiff on the counterclaim, with costs.