## Discovich *v.* Chestnut Ridge Transportation Company (et al., Appellant).

Argued September 27, 1951.   Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Carroll Caruthers,* with him *Herman C. A. Hofacker* and *William F. Caruthers,* for appellants.

*James Gregg,* with him *Vincent R. Smith* and *Louis E. Sensenich,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1952:

These are four appeals in an action in trespass from a judgment against two corporations because of a motor accident. The plaintiffs are Joseph Discovich, a minor, by his guardian, and his parents. The original defendant is the Chestnut Ridge Transportation Company which brought in as additional defendants two corporations: Trans-Oil, Inc. and E. Brooke Matlack, Inc. The jury answered specific findings of fact and by their verdict found that the transportation company was not liable but that each of the additional corporations was liable.

President Judge LAIRD, of the court below, reviewed the testimony at length in a most fair and impartial charge. In summary: the accident occurred at or near the intersection of the Lincoln Highway, U. S. Route No. 30, running east and west and a cross road running north and south, in Unity Township, Westmoreland County. The accident was in mid-afternoon on March 3, 1947, when there was snow on the sides of the roads and patches of ice thereon. The transportation bus, traveling west toward Greensburg, stopped at or near the intersection to discharge passengers. The minor plaintiff was a passenger in the bus. A truck or snow plow was traveling east on the Lincoln Highway and desired to turn north at the intersection. It stopped on the south side of the highway alongside of the bus. Two passenger cars were stopped behind the snow plow and behind the passenger cars was a second truck headed east, fully loaded. All of the vehicles were at rest, each standing on its own side of the road. After the bus had finished discharging and taking on passengers, it started westward up a slight grade on the Lincoln Highway. A tractor with oil tank trailer attached, alleged to be owned and operated by additional defendants, headed east and collided with the load-

ed truck. The oil truck veered to the left or north and collided with the bus, causing considerable property damage and injuring the minor plaintiff.

Under the testimony it was a question of fact whether the driver of the oil truck used due care. The accident occurred in early afternoon in March; the weather was cold and it had been snowing all day; the road was slippery and snow was piled up at least two to two and one-half feet on the berm; the truck and semi-trailer which caused the accident was carrying inflammable fuel oil, having a total weight of 65,000 pounds; the road was straight and flat; the driver testified that immediately before the collision he was traveling between twenty-five and thirty miles an hour on an icy road; there was a line of cars stopped back of the snow plow; the driver of the oil truck could not get his vehicle under control in time to avoid a collision with the last truck in line, which was the truck carrying a load of steel garage doors and sash and door frames; the oil truck drove the parked truck up over a bank and continued nearly one hundred feet when it hit the bus in which the minor plaintiff was riding, and drove the bus and another automobile toward the rear for a considerable distance. It is apparent that this raised solely a factual question which the jury resolved against the owner and operator of the oil truck.

One of the questions raised on appeal is whether or not the additional defendant, E. Brooke Matlack, Inc., is in any way liable. Appellees argue that because the additional defendants (brought in by the *original defendant*) failed to file an answer to *their* complaint, under Rule 1045 (b) of Pennsylvania Rules of Civil Procedure both additional defendants thereby admitted agency and control of the driver of the oil truck and therefore the verdict must stand against *both* additional defendants. With this we do not agree. In order to take advantage of Rule 1045 (b) it is nec-

essary that the specific paragraphs of the pleadings which allege agency and control be offered in evidence. See *Buehler v. United States Fashion Plate Co.*, 269 Pa. 428, 112 A. 632; *Farbo v. Caskey*, 272 Pa. 573, 116 A. 543; *Koontz v. Messer and Quaker State Oil Refining Company*, 320 Pa. 487, 181 A. 792. This was not done. It is true that the above cases were decided under the Practice Act of 1915, Act of May 14, 1915, P. L. 483, and before the present rules of procedure. However, there is little difference in the wording of Sec. 13 of the Practice Act and Rule 1045 (b) : Goodrich-Amram Sec. 1045 (b)-1 p. 203. No cogent reason appears why prior practice should not prevail under the present rule. See 2 Anderson Pennsylvania Civil Practice, Rule 1045 (b), p. 670 and Comment upon Rule 1029, p. 450, Notes 30 and 31; Goodrich-Amram Sec. 1029 (b)-2, p. 132.

However, even if additional defendants should be deemed to have admitted agency and control of the driver by failing to file an answer denying such agency and control, counsel for both parties at the trial stipulated otherwise. Counsel for appellant stated: "If the Court please, *we have been asked to stipulate* as to the ownership and operation of the tractor and oil tank that was involved in this accident. We will stipulate as follows: Trans-Oil, Inc., was the operator of the truck at the time of the accident; it was under the operation and control of its agent, the driver of the truck, and on its business at that time. We *also* will stipulate with Counsel, *if they will agree to it*, that E. Brooke Matlack was not involved in the operation of this truck, they being only the owners and lessor of the truck to the Trans-Oil Company, and was not involved in the operation." (Italics supplied) The trial judge stated: ". . . to which *latter* stipulation opposing Counsel did not agree but did not object." (Italics supplied) While perhaps somewhat ambiguous because of a pre-

vious stipulation hereinafter mentioned, it is our opinion that the court when referring to the stipulation upon which counsel did *not* agree, was obviously referring to the latter half of the stipulation quoted above, i.e., that E. Brooke Matlack, Inc., was not involved in the operation of the truck. The stipulation concerning agency and control of the driver by Trans-Oil, Inc., was agreed upon by both parties. Counsel for appellants prefaced his statement, as above recited, by stating that *opposing counsel* had asked him to stipulate as to the ownership and operation of the tractor and oil tank.

At the opening of the trial, *when offering picture exhibits,* counsel for plaintiffs inadvertently, we think, stated that the photograph depicted, *inter alia,* a truck owned by Trans-Oil, Inc. and operated by E. Brooke Matlack, Inc. *The evidence in the case indicates exactly the opposite.* There was no dispute over *ownership.* The sole question related to *operation and control.* The driver of the truck testified that he was paid by Trans-Oil, that Bob Matlack, *of Trans-Oil* hired him, and that an employe of Trans-Oil gave him his orders. There is no competent evidence to the contrary.

Appellees maintain that because a policeman testified that the driver of the oil truck stated to him that "several brothers (i.e. Matlacks) owned both outfits," there is sufficient evidence that the driver was the agent of both additional defendants. Such evidence is not sufficient to prove that the driver was the agent of E. Brooke Matlack, Inc. (owner of the oil tank tractor and trailer) and was under its control. There is no evidence to indicate that the driver had sufficient knowledge or was competent to make such a statement. He could, and did, testify as to who gave him his orders, who paid him, and other related matters. His *competent* testimony is consistent with the stipulation of the parties, i.e., that the driver was the agent and

under the sole control of Trans-Oil, Inc. A verdict against the additional defendant, E. Brooke Matlack, Inc., in the present circumstances, cannot be permitted to stand.

We regard the verdict in the sum of $3,000 to the parents of the minor plaintiff as excessive. The measure of damages where a parent sues for a personal injury to his minor child, not resulting in death, is hospital and medical bills and expenses incurred because of the injury and for loss of services of the child until he is twenty-one years old: *In re: Charles Mikasinovich,* 110 Pa. Superior Ct. 252, and cases therein cited, 168 A. 506.

According to the testimony, the hospital and medical bills amounted to $797.06. The minor plaintiff was out of employment for approximately four months because of his injury. At the wages which he was receiving at the time of the injury, approximately $100 per month, the loss of services to the parents would amount to approximately $400. These two items total $1,-197.06 and, since the evidence does not indicate any loss of earning power subsequent to the trial, the recovery by the parents should be limited to that amount.

We have examined into the question as to whether the verdict of $10,000 to the minor for "pain and suffering" was excessive. We have concluded not to disturb this verdict. Under the verdict of the jury, it is apparent that they did not regard that the minor plaintiff had suffered a permanent loss of earning power. It was shown that after the accident he earned more than he was earning before. The testimony was conflicting, it is true, whether or not the injury was permanent. But the jury decided by its verdict that it was not. They compensated the minor plaintiff, in the terms of the verdict, solely for *"pain and suffering."*

We have read the testimony with considerable care. According to his surgeon he sustained a fracture of

a dorsal vertebra. He was required to enter a hospital and, under anesthesia, have his back extended in order to overcome a compression. A plaster paris cast was applied, extending from the upper chest to the lower abdomen. He was required to remain in the cast from May until August and thereafter was required to use different braces as prescribed by the doctors. It was testified by his physician that the minor plaintiff made eighty-eight visits to his office from March to June of 1947 and thirty-three visits between August 1947 and October 1949. In addition, the minor plaintiff was required to undergo deep heat and massage, a form of heat therapy administered to the lower back region. There was testimony from the plaintiff and his physicians concerning the intense pain and suffering which he endured. Under all the evidence our conscience is not shocked by the amount of this verdict.

The judgment against Trans-Oil, Inc., in favor of the parents of the said minor, as reduced to the sum of $1,197.06, is affirmed. The judgment on the verdict for the minor plaintiff against the above defendant, in the sum of $10,000, is affirmed. The judgment for plaintiff against E. Brooke Matlack, Inc., is reversed and here entered for that defendant.