W. Robert McCARTHY, Plaintiff (Alfred F. Bracher, Jr., Robert P. Morrissey, John F. Miller, co-partners, trading as Jones, Miller & Company; Jeanette Bohrer, Joel L. Bohrer, Raymond Spitalnick, Donald Spitalnick and Joseph Spitalnick, Harry G. Schnitzler, John F. Miller and Leonard Cowen, Applicants for Intervention)

v.

The AUTOCAR COMPANY and the White Motor Company, Defendants.

Civ. A. No. 15751.

United States District Court
E. D. Pennsylvania.

July 5, 1955.

George W. McKeag, Philips, Farran & McKeag, Robert C. Kitchen, Philadelphia, Pa., for plaintiff.

C. L. Cushmore, Jr., Thomas Raeburn White, Philadelphia, Pa., Payne & Steingarten, New York City, White, Williams & Scott, Philadelphia, Pa., for Autocar Co.

Robert T. McCracken, John F. Headly, Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., John H. Watson, Jr., Cleveland, Ohio, for White Motor Co.

KIRKPATRICK, Chief Judge.

In the present case, unlike the Northeast Clackamas case, cited by the petitioners, the parties who wish to intervene, if allowed to do so, would not be intervenors in the real sense. They do not desire to prosecute or to defend the original lawsuit. All they are asking for is to be allowed to prosecute their own similar and independent causes of action at the same time that the nonresident plaintiffs are prosecuting theirs.

In Wichita R. & Light Co. v. Public Utilities Comm., 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, the Court held that joinder of a party who was of the same citizenship as the plaintiff would not defeat jurisdiction of the original cause of action, since that party was primarily concerned with the results of that cause of action. It is quite different to hold that diversity is not required where the "intervenor" is attempting to assert his own independent cause of action, even though it arises from the same transaction as the original one.

In summary—in cases where the intervenor is attempting to prosecute or defeat the original cause of action, the courts are concerned with whether or not there is jurisdiction of that original cause of action. In the present case where the proposed intervenors are asserting an independent cause of action, the Court must concern itself with whether or not it has jurisdiction of the intervenors' cause of action.

The original order of this Court is affirmed.