William J. **BELL** and Margaret Bell

v.

Alexander **MYKYTIUK.**

Civ. A. No. 18152.

United States District Court
E. D. Pennsylvania.

Oct. 18, 1955.

Leonard Turner, Philadelphia, Pa., for plaintiffs.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Plaintiffs, husband and wife, claim damages arising from a motor vehicle collision. Jurisdiction is based on diversity of citizenship. Defendant filed a motion to dismiss the action of the wife plaintiff and to dismiss the claim of the husband plaintiff for consequential damages resulting from his wife's injuries. The latter request is abandoned in defendant's brief.

The motion to dismiss the wife's action is based on the contention that her claim is not within the jurisdictional amount.

**168**

■ Resistance to the motion is upon the contention that, under the substantive law of Pennsylvania, plaintiffs do not have such separate and distinct demands that each should be required to be within the jurisdictional amount. This position is untenable. Under common law, in Pennsylvania, an injury to a wife, not resulting in death, conferred upon her and her husband separate and distinct rights of action so independent of each other that the two causes could be sued for only in separate actions. Their joinder in one action was not permitted. It was necessary to enact the Act of 1895, P.L. 54, 12 P.S. § 1621, to effect the procedural change. Section 1 of that Act and Pennsylvania Rule of Civil Procedure 2228(a), 12 P.S.Pa.Appendix, which replaced Section 1 were both clearly procedural and made no change in the substantive rights of husband and wife for injury to the wife. Nunamaker v. New Alexandria Bus Co., Inc., 371 Pa. 28, 88 A.2d 697.

■■ Plaintiffs, permissively joined under Fed.Rules Civ.Proc. rule 20, 28 U.S.C.A., must have claims in excess of $3,000 each. Clark v. Paul Gray, Inc.,

306 U.S. 583, 585, 59 S.Ct. 744, 83 L Ed. 1001. The wife plaintiff in her complaint alleges damages of $5,000. The depositions, now of record, disclose she lost $54 in wages, incurred medical expenses of $12, and suffered a bruised right arm which required one medical examination and which disappeared within two weeks. Assuming that her deposition states her whole case for damages it is obvious that she cannot establish a claim within the jurisdictional amount nor is this disputed in plaintiffs' brief. While there is no stipulation that the court may act on the basis of the deposition, it seems purposeless that the case of the wife plaintiff should be kept alive, only to be dismissed at the trial, if she has no evidence which proves greater damages. See Weinberger v. Toms River Express, D.C., 135 F. Supp. 872.

Order

Therefore, October 18, 1955, it is ordered that the complaint of the plaintiff Margaret Bell be and is dismissed, unless, within twenty days, she informs the court by affidavit of any evidence she may have and expect to produce at the trial, tending to show damages beyond those disclosed in the deposition.