**Lewis J. HINCHLIFFE, a minor, by his parents and natural guardians, Louis B. Hinchliffe and Ellen Hinchliffe, and Louis B. Hinchliffe and Ellen Hinchliffe, in their own right,**

v.

**Robert Paul CARR and Newlin Carr, Jr.**

**Civ. A. No. 23064.**

United States District Court
.E. D. Pennsylvania.
June 12, 1958.

Kenneth Syken, Richter, Lord & Levy, Philadelphia, Pa., for plaintiffs.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

EGAN, District Judge.

Plaintiffs, suing in their capacity as guardians as well as in their own right, have initiated the instant suit to recover damages as a result of an automobile collision in which the minor plaintiff was injured. The defendant has filed a motion to dismiss under Fed.Rules Civ.Proc. Rule 12(b), 28 U.S.C.A., for want of the jurisdictional amount.

The defendant has admitted, for the purposes of this motion, that the minor plaintiff has sustained medical expenses in the amount of $78 and that the property damage to the adult plaintiffs' automobile amounts to $1,300, or a total of $1,378. It has also been asserted that the minor plaintiff is still incurring medical expenses which will augment the above figure. Furthermore, it has been alleged that the minor plaintiff has incurred a loss of wages in the amount of $116.07. Viewing these allegations in the light most favorable to the plaintiffs, including any pain and suffering that a jury might find, the facts of this case do not lend themselves to a motion to dismiss.

In the recent case of Sicilia v. Tassell, D.C.E.D.Pa., 163 F.Supp. 371, former Chief Judge Kirkpatrick denied a motion to dismiss where the total medical expenses amounted to only $4 on the theory that a jury, under the facts of *that* case, could conceivably return a verdict in excess of the jurisdictional amount. He distinguished Bell v. Mykytiuk, D.C.E.D. Pa.1955, 135 F.Supp. 167, a case relied upon by the defendant here, on the grounds that in the Bell case, the only injury complained of was a bruised right arm, which condition disappeared withing two weeks, while in Sicilia the condition complained of allegedly remained for a period of six months. In the case before the Court, it has been alleged that the minor plaintiff has been the victim of low back pain, as well as occipital headaches, all of which resulted from the accident. To dismiss the complaint at this time under such allegations would be an invasion of the province of a jury to determine the value of the plaintiffs' claims.

For the reasons stated, the motion of the defendant to dismiss is denied.