## Schmidt *v.* Kratzer (et al., Appellant).

Argued January 6, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*L. J. Briody,* for appellant.

*E. Jerome Brose,* with him *Danser and Brose,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, March 13, 1961:

Thomas Schmidt, a minor, was severely injured while a passenger in an automobile which collided with another. Thomas' sister, Patricia, was the driver of the car in which he was riding at the time of the accident. The driver of the other automobile was William Kratzer. Thomas, acting by his father as his guardian, and his father and mother in their own right, brought an action in trespass for damages against Kratzer who joined Patricia Schmidt as an additional defendant. The jury returned a verdict in favor of the minor plaintiff in the sum of $7500 and a verdict in favor of the father and mother in the sum of $2,968.91 against both the defendant and the additional defendant jointly in each verdict. The minor plaintiff moved for a new trial, limited to the question of damages only, on the ground that the verdict in his favor was inadequate. Three days later the father and mother caused a judgment to be entered on the verdict in their favor. No one has questioned that judgment nor did any party to the record move for a new trial in respect of the parents' verdict. The court subsequently granted the minor plaintiff's motion for a new trial limited to the question of damages but, of its own motion, directed in the same order that a new trial, limited to the question of damages, should also be had in the parents' action. The additional defendant has appealed from the new trial order.

That the minor plaintiff's injuries were serious and extensive is not open to dispute. Briefly summarized, Thomas suffered a compound comminuted fracture of the upper part of the tibia of the right leg, a comminuted fracture of the right femur and concussion. He was hospitalized for 45 days and,

thereafter, his hospital treatment was continued twice weekly as an out-patient. When admitted to the hospital he was suffering greatly from shock for which he received blood transfusions. Later he was subjected to skin grafting on his right leg. Besides the operations necessary for the reduction of the comminuted bone fractures (compound in the case of the right tibia), he underwent an operation designed to put traction on the right leg by means of a pull on a wire attachment inserted through his right heel. This treatment was so extremely painful that it had to be abandoned. The permanent and ultimate effects of his injuries are summarized in part by the court below as follows: "The injuries which Thomas suffered have resulted in a permanently crippled condition including a deformed right knee. The kneecap is not in its normal position but is partially rolled up his leg and there is considerable restriction and limitation in the function of the knee joint. It cannot be bent in the normal fashion. The muscles of the right thigh and leg are noticeably shrunken and atrophied. The shortening of the leg, 3½ inches at the time of the trial, causes and will continue to cause a curvature of the spine which will increase as Thomas grows older. Dr. Waltman testified that with increased years and the resultant hardening of the spine and supporting structure the curvature will cause backaches and chronic discomfort. The prognosis for the stiffened knee is an arthritic joint which will be painful and disabling. The skin over the wounds on the lower right leg is thin and vulnerable. It will be sensitive to cold and subject to injury because of the absence of protective flesh."

The minor plaintiff's well-being for the future has been permanently impaired. As was well stated by the court below, "Thomas Schmidt was 14 years of

age at the time of the accident, and 16 at the time of trial. Prior to the accident he had been a normal, bright, active boy, one who actively engaged in all kinds of outdoor activities. His parents, in middle age, evidenced good health and strong bodies. . . . Thomas attended school to the date of the accident but the testimony portrays a boy whose latent abilities are more mechanical than academic. The loss of earning power by reason of Thomas' permanent injury, the loss of industrial availability, the permanent lameness and crippled condition which has twisted him from a normal active boy into a deformed sedate man, together with the pain and suffering and shock which he has endured convinces us that the verdict is woefully inadequate."

The appellant contends that her negligence as a proximate cause of Thomas' injuries was very much in doubt and was sharply disputed in the court below, as a consequence whereof the jury may have compromised the issue of her liability with the amount of damages awarded the minor plaintiff. This argument is presently unavailable to the appellant since the jury awarded damages against both the original and the additional defendant in the same verdict, and the liability of the original defendant was never seriously in doubt.

We fully agree that the amount of damages awarded to the minor plaintiff was, as expressed by the court below, "woefully inadequate," and therefore affirm the award of a new trial as to the minor plaintiff limited to the question of damages. We cannot agree, however, that the court below was warranted in also awarding a new trial in the action of the parents in their own right, even though limited to the question of damages. As already pointed out, the verdict in favor of the parents in their own right had

been transformed into a final judgment from which no one has appealed and neither the parents nor either of the two defendants against whom the judgment was duly entered moved for a new trial.

The court below in its opinion on the minor plaintiff's motion for a new trial expressed a fear that the damages suffered by the minor plaintiff and the damages incurred by the parents because of the minor's injuries might overlap. The fear is not well grounded. The minor plaintiff is entitled to damages for pain and suffering and probable loss of earnings *after he reaches his majority* while his parents are entitled to damages for medical expenses they have incurred and will incur because of their son's injury and for their loss of his services *during minority.*

The elements of damage suffered by the minor plaintiff and the damage incurred by his parents in their own right are separate and distinct and do not overlap. *Nikisher v. Benninger,* 377 Pa. 564, 105 A. 2d 281, cited by the court as authority for granting a new trial in the parents' action, differs materially from the present case. In the *Nikisher* case, the parents moved for a new trial and appealed from the order denying their motion. While a court does have the power to grant a new trial of its own motion, it is only in exceptional circumstances and for compelling reasons that it is proper so to do. Such is not this case. Moreover, the judgment which put an end to the parents' action was not only unappealed from but remains unopened.

The order of the court below must, therefore, be modified by striking therefrom the words "and Frank G. Schmidt and Anna M. Schmidt" so that the new trial awarded will be in the minor plaintiff's case only and limited to the question of damages suffered by him.

The order granting a new trial, as modified in accordance with this opinion, is affirmed.