Andrea HAMILTON, a minor, by her
Guardian, Russell E. Hartman,
Plaintiff,
Metropolitan Life Insurance Company,
Applicant for Intervention,
v.
Frank D. CIVILLICO, Defendant.
Civ. A. No. 33725.

United States District Court
E. D. Pennsylvania.
Nov. 21, 1963.

Owen B. Rhoads, Philadelphia, Pa., for Metropolitan Life Ins. Co.

Joseph V. Pinto, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a motion to intervene by the Metropolitan Life Insurance Company (Metropolitan) in this motor vehicle case arising out of an accident on July 11, 1961. The vehicle driven by the defendant struck the minor plaintiff, Andrea Hamilton.

The plaintiff was treated for injuries sustained in this accident and the medical bills totaling $770.49 were paid by Metropolitan pursuant to a group medical expense policy issued by Metropolitan to the minor's father.

■ A non-resident guardian of the minor plaintiff was appointed by the Orphans' Court of Montgomery County on June 7, 1963. Suit was instituted by the plaintiff through her guardian on June 25, 1963. No claim for medical expenses was asserted nor could it have been asserted by the *guardian* under Pennsylvania law. Johnstone v. O'Connor & Co., Inc., 164 F.Supp. 66 (E.D.Pa.1958).

Metropolitan seeks intervention as a matter of right under Fed.R.Civ.P. 24 (a) (2) [1] or in the alternative under Fed.R.Civ.P. 24(b) (2) [2] which rests in the Court's discretion.

Rule 24(a) (2) provides for intervention as a matter of right if three requirements are met: (a) timely application; [3] (b) possible inadequate representation of the applicant's interest by the existing parties; and (c) a possibility that the intervenor may be bound by the judgment.

■ In considering this motion for intervention certain rules are pertinent. Professor Moore, in his treatise, states the following guidelines: [4]

"Intervention under an absolute right, or under a discretionary right in an *in rem* proceeding, need not be supported by grounds of jurisdiction independent of those supporting the original action. Intervention in an *in personam* action under a discretionary right must be supported by independent grounds of jurisdiction, except when the action is a class action."

The present trespass action is an *in personam* action against the defendant Frank Civillico. In order for the intervenor to have an absolute right to intervene it must show that its interest is inadequately represented by the present parties and it may possibly be bound by the judgment. 4 Moore's Federal Practice, par. 24.08, p. 37 (2 ed. 1962); 2 Federal Practice & Procedure, Barron & Holtzoff, § 597, pp. 373–386 (Rules ed. 1961). Metropolitan argues that since it paid the minor's medical expenses

---

1. Federal Rule 24(a) (2) provides in pertinent part:
   "Upon timely application anyone shall be permitted to intervene in an action * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." 28 U.S.C.A.

2. Fed.R.Civ.P. 24(b) (2) provides in pertinent part:
   "Upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim

* * * and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." F.R.Civ.P. 24(b) (2), 28 U.S.C.A.

3. Timeliness is unquestioned.

4. 4 Moore's Federal Practice, par. 24.18, p. 137 (2 ed. 1962); also see Holtzoff, Entry of Additional Parties in a Civil Action—Intervention and Third-Party Practice, 31 F.R.D. 101–105 (1962).

pursuant to its contract obligation owed to the father of the minor that it derives all of the father's rights to be reimbursed for such medical expenses from the defendant.

■ This situation presents the unusual question of whether a guardian who cannot assert a claim for his ward's medical bills under Pennsylvania law inadequately represents that interest in this action. Before the adequacy of representation can be questioned by an intervenor, it must first be shown that the intervenor has an interest presently being represented by the party plaintiff. Metropolitan has no interest in the present action and therefore its reliance upon inadequacy is without merit.

Metropolitan further argues that Pennsylvania Rule of Civil Procedure 2228(b), 12 P.S.Appendix,[5] requires joinder of the parent's claim for medical expenses with the minor's claim for injuries in a single action and failure to combine the two claims may possibly result in a barring of Metropolitan's subrogation claim.

This argument is based upon the erroneous premise that Rule 2228(b) effected a *substantive* change in the Pennsylvania common law which required that the parent and minor sue separately. Joinder of the parent and minor's claims in one action was created by the Act of 1897, P.L. 62, sec. 1, § 1625, the predecessor of Rule 2228(b). The Statute still keeps separate the independent causes of action and provides for the rendition of separate verdicts and entry of separate judgments.[6] The only reason for the joinder was to prevent a possible duplication of damages. In re Mikasinovich, 110 Pa.Super. 252, 168 A. 506 (1933).

A similar law, the Act of 1895, embodied in Pa.R.C.P. 2228(a), requiring that a husband and wife join their claims in one action has been held by the Pennsylvania Supreme Court to be of *procedural* import only. Nunamaker v. New Alexandria Bus Co., Inc., 371 Pa. 28, 88 A.2d 697 (1952). The District Court, in an opinion written by our colleague Judge Kraft, dismissed a wife's complaint because it did not meet the jurisdictional amount even though it had been permissively joined with her husband's cause of action. Bell v. Mykytiuk, 135 F.Supp. 167 (E.D.Pa.1955). Judge Kraft held that Rule 2228(a) did not change the separate and distinct *substantive* rights of the husband and wife. Bell v. Mykytiuk, supra, p. 168.

Also, Senior Judge Kirkpatrick had occasion to determine the effect of the Act of 1897 on the separate causes of actions of the parent and minor in Cooper, et al. v. American Stores Co., 25 F.2d 916 (E.D.Pa.1928). He held that the Act of 1897 did not merge the separate causes of action in the following words:

"We have here two actions which for purposes of convenience are directed by the law to be tried at the same time. Except for the coincident trial, however, they are separate and distinct. The suit proceeds to separate verdicts and judgments. * * * *" 25 F.2d p. 916.

In so holding the Act of 1897 to be procedural, Senior Judge Kirkpatrick granted a motion to remand *both* claims to the Pennsylvania State Courts because neither claim met the jurisdictional amount.

■ The instant claim of Metropolitan, in the sum of $770.49, is far below

---

5. Pa.R.C.P. 2228(b) states in part:
   "If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefor accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. * * * *"

6. In fact separate appeals must be taken from each judgment. Dellacasse v. Floyd, 332 Pa. 218, 2 A.2d 860 (1939).

the jurisdictional amount. All of Metropolitan's rights are derived from the minor's father who could not have sued in this Court because his claim did not meet the requisite amount. Therefore, we hold that Metropolitan's rights rise no higher than the father's and are subject to the same jurisdictional infirmity. No duplication of damages is threatened by separating the two actions and Metropolitan will not be affected by this judgment because its interest is non-existent in this diversity action.

No permissive right exists in this *in personam* proceeding to allow Metropolitan to intervene because:

"Intervention in an in personam action under a discretionary right must be supported by *independent grounds of jurisdiction* except when the action is a class action." 4 Moore's Federal Practice, par. 24, p. 137 (2 ed. 1962); Bell v. Mykytiuk, supra.

Also see McCarthy v. Autocar Co., D.C., 18 F.R.D. 282, (E.D.Pa.1955), wherein our then Chief Judge Kirkpatrick held:

"In summary—in cases where the intervenor is attempting to prosecute or defeat the original cause of action, the courts are concerned with whether or not there is jurisdiction of that original cause of action. In the present case where the proposed intervenors are asserting an *independent cause of action*, the Court must concern itself with whether or not it has jurisdiction of the intervenors' cause of action." (Emphasis supplied)

As we have held, Metropolitan's claim is independent of the minor's action and does not meet the jurisdictional amount required by this Court. It is our judgment that to permit Metropolitan to intervene in this action without meeting independent jurisdictional requirements would constitute an unwarranted expansion of Federal jurisdiction. Motion denied.

