**Mary Louise SKALSKI, Administratrix of the Estate of Thaddeus John Skalski, Deceased**

v.

**Benjamin J. SKALSKI.**

**Civ. A. No. 37074.**

United States District Court
E. D. Pennsylvania.

Oct. 4, 1966.

Raspin, Espenshade, Heins, Erskine & Stewart, David E. Thomas, Philadelphia, Pa., for plaintiff.

Marcu, Marcu & Marcu, Daniel Marcu, Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

The defendant seeks dismissal of the plaintiff's action for money damages, accounting and certain mortgage payments arising out of a family partnership agreement between two brothers.

His grounds are two-fold: (1) that the complaint fails to state a claim upon which relief can be granted, and (2) that the amount in controversy is less than $10,000.

The plaintiff is the surviving spouse of Thaddeus John Skalski, who entered into a co-partnership agreement on July 7, 1960 with his brother, Benjamin J. Skalski, to operate a retail gasoline service station business in Philadelphia. Within a period of six months thereafter Thaddeus left the partnership business for other employment.

Thaddeus never participated in the business at any time thereafter, and died on September 3, 1964.

Under paragraph 25 of the agreement such voluntary cessation of work by Thaddeus constituted, in effect, an offer to sell his interest in the partnership to Benjamin. Under paragraph 27, the agreement survives the death of the partner and is binding on the heirs, executors and administrators of both partners.

After argument was heard on the defendant's motion, we directed the parties to submit detailed affidavits on the question of the Court's jurisdiction. The defendant has submitted detailed proofs substantiating his contention, that in accordance with paragraphs 18 and 25[*] of the agreement, the one-half equity of Thaddeus in the partnership real estate, is only $103.02. At the time of the filing of the plaintiff's complaint, the real estate, although valued at $66,000 was and still is, encumbered by first and second mortgages totaling, $65,793.97. No other assets of a substantial nature were, or are, owned by the partnership.

The rule governing dismissal for want of jurisdiction "in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought

[*] After examination of the pleadings, affidavits and the agreement, we conclude, as a matter of law, that paragraph 19 of the agreement is inapplicable under the facts of this case.

in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed *or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."* (emphasis ours) St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1937) ; Brough v. Strathmann Supply Co., 358 F.2d 374, 377 (3 Cir. 1966)

"The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, *and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189,

56 S.Ct. 780, 785, 80 L.Ed. 1135 (1935) (emphasis ours)

■ The plaintiff has failed completely to support her averment that her claim is for an amount which exceeds $10,000. In this regard, too, we might note the facts averred in the petition of plaintiff's counsel for leave to withdraw their appearance, which was presented to the Court during the argument on the instant motion. The petition sets forth that the plaintiff has ignored all communications (telephonic and written) from her counsel since March 15, 1965.

Such disinterest and failure to cooperate with her counsel on the part of the plaintiff lends no support to any claim of her good faith in filing this suit. This litigation was commenced on December 15, 1964, and scarcely three months later, the plaintiff began to manifest an utter indifference to her cause which still persists.

It is scarcely the function of a federal court to retain and nurture litigation which appears to a legal certainty to be colorable at best.

ORDER

Now, this 4th day of October, 1966, it is ordered that:

(1) the defendant's motion to dismiss the plaintiff's complaint for lack of jurisdiction will be granted;

(2) judgment be, and it is, entered in favor of the defendant Benjamin Skalski against the plaintiff Mary Louise Skalski, Administratrix of the Estate of Thaddeus John Skalski, Deceased;

(3) the petition of Raspin, Espenshade, Heins, Erskine and Stewart for leave to withdraw their appearance be, and it is granted;

(4) a copy of this Order shall be forwarded by the Clerk to the plaintiff, forthwith.