George S. **KRASNOV** et al.

v.

Brendan **DINAN.**

**Civ. A. No. 71–734.**

United States District Court,
E. D. Pennsylvania.

March 7, 1972.

---

**1358**

Donald J. Farage, Farage & Shrager, Philadelphia, Pa., for plaintiffs.

John R. McConnell, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

On October 18, 1971, 333 F.Supp. 751, we granted defendant's motion to dismiss plaintiff's action for lack of diversity jurisdiction. The issue before us was whether defendant was a domiciliary of Pennsylvania thereby defeating diversity jurisdiction. We concluded that he was. Plaintiffs have sought reargument of the issue of defendant's domicile. After a full evidentiary hearing and full consideration of new facts not previously before the Court as well as reconsideration of those facts already before us, we again conclude that defendant was, at the time suit was instituted, a domiciliary of Pennsylvania and that plaintiffs' action must be dismissed for lack of diversity jurisdiction.

The facts relevant to defendant's domicile which were not previously before the Court are as follows:

1. Defendant moved to New York on August 28, 1971 after accepting the principalship of a school there;

2. Defendant twice renewed his Connecticut driver's license after moving to Pennsylvania. The license carried his Pennsylvania address;

3. In April or May of 1971 defendant applied for a renewal of his passport and gave his Pennsylvania address;

4. In May, 1971, defendant made arrangements to commence a three-year course at Lehigh University, Bethlehem, Pennsylvania leading to a Doctor of Arts degree. Defendant attended Lehigh University in the summer of 1971.

The issue before us is defendant's domicile as of March 26, 1971, the date on which plaintiff instituted suit. Brough v. Strathmann Supply Co., 358 F.2d 374 (3rd Cir. 1966). We previously determined that domicile to be Pennsylvania on the grounds that defendant lived here and stated his intention to remain here for an indefinite period of time. Gallagher v. Philadelphia Transportation Company, 185 F.2d 543 (3rd Cir. 1950); Loudenslager Will, 430 Pa. 33, 240 A.2d 477 (1968). We also found that there were no actions on his part inconsistent with his stated intention to make Pennsylvania his domicile for an indefinite period of time.

The fact that defendant subsequently moved to New York would affect his domicile as of March 26, 1971 only if it could be shown that he knew at that time that he would be moving to New York or intended to so move. The evidence, however, is to the contrary. The fact that approximately two months after March 26 defendant enrolled in a three-year college program indicates that he intended to remain in the Commonwealth for an indefinite period of time and that Pennsylvania was his domicile.

Plaintiffs have also asked us to consider the fact that defendant voted in Connecticut by absentee ballot in November, 1968, nearly three months after he moved to Pennsylvania. In our prior opinion we dismissed this argument in view of defendant's explanation that he had attempted to vote but could not be-

cause he did not satisfy Pennsylvania's ninety-day residency requirement. However, plaintiffs now argue that under Connecticut law one who wishes to cast an absentee ballot in that state must swear that he is a citizen of Connecticut.

Applicable Connecticut law requires that an absentee ballot be returned to the municipal clerk containing the following statement:

"I, the undersigned, do hereby state under the penalties of perjury (1) That I am a citizen of the United States, and a resident and elector, or have made application to become an elector, of the town, city or borough of ....... in the State of Connecticut, in which town, city or borough I desire to vote;"

We do not believe, assuming that defendant made such an affirmation,[1] that it makes Connecticut his domicile. In the first instance the prescribed form nowhere requires a prospective voter to state that he is a citizen or domiciliary of Connecticut but only that he is a resident or elector.

At any rate, as previously stated, the issue before us is defendant's domicile as of March, 1971. Defendant last voted in Connecticut in November, 1968, nearly two-and-a-half years prior to the time in question. That he lived and worked in Pennsylvania for that length of time without again voting in Connecticut leads us to conclude that he did not retain sufficient ties with that state to make it his domicile.

Finally plaintiffs argue that defendant also retained and renewed his Connecticut driver's license after moving to Pennsylvania. However we do not consider this factor and the fact that defendant voted in Connecticut in 1968 sufficient to outweigh the fact that on March 26, 1971 defendant had lived and worked in Pennsylvania for more than two-and-a-half years and intended to reside here until ordered elsewhere. Ac-

cordingly we again conclude that defendant was a domiciliary of Pennsylvania and that plaintiffs' action must be dismissed for lack of diversity jurisdiction.

---

1. Defendant states that he does not recall making such an affirmation.