## Roberts v. Lankenau Hospital

*Michael T. McDowell*, for plaintiffs.
*Wm. Sullivan, Richard A. Kolb* and *James Lewis Griffith*, for defendants.

FRANKSTON, *Administrator,* July 30, 1980— On December 21, 1979 plaintiffs, Ilene Roberts and Mildred Dushoff, her mother, filed a complaint against Doctors Gerson and Charry and Lankenau Hospital which, in brief, alleged the improper administration of drug therapy to the person of Ilene Roberts, ultimately resulting in damage to her brain from the incompatible combination of drugs. Suffice it to say that after numerous filings of preliminary objections and amended complaints, we are now considering plaintiffs' third complaint,

filed on April 3, 1980, and the preliminary objections of defendants Gerson, Charry and Lankenau Hospital, filed on May 30, 1980, April 18, 1980 and April 24, 1980, respectively.

Since many of the individual defendants have raised the same preliminary objections or incorporated another defendant's preliminary objections and memorandum into their own pleadings or memorandum, we shall address each preliminary objection without reference to the party raising that issue, unless such an issue is unique to that party.

• • •

### Demurrer To The Fifth Cause Of Action

The preliminary objections of all defendants demurred to the allegations entitled "Fifth Cause of Action, Parent Plaintiff v. All Defendants." The fifth cause of action contains two separate counts, one in assumpsit and one in trespass and encompasses Paragraphs 104 to 108 and 104(a) to 108(a), respectively, of plaintiffs' most recent amended complaint.[1]

These two counts are identically worded and purport to state claims on behalf of plaintiff-parent in her own right against all defendants for the following losses: past and future medical expenses incurred by reason of plaintiff-daughter's injuries; past and future loss of care, comfort and society of

---

1. Paragraphs 109 to 111, entitled "Injuries Sustained By Plaintiff," are contained in the plaintiffs' fifth cause of action, yet are not appropriately placed there. Therefore, for the purpose of ruling on the demurrer to the fifth cause of action, Paragraphs 109 to 111 will not be considered a part of the fifth cause of action.

plaintiff-daughter; and deprivation of past and future financial support from plaintiff-daughter.

The principles to be applied when ruling upon a demurrer are well established. "A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading." Duffee v. Judson, 251 Pa. Superior Ct. 406, 409, 380 A. 2d 843, 844-45 (1977). It does not, however, admit the pleader's conclusions of law: Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501, 267 A. 2d 867 (1970). Moreover, "[t]o sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." Schott v. Westinghouse Electric Corp., 436 Pa. 279, 291, 259 A. 2d 443, 449 (1969).

We consider first plaintiff-parent's claim for past and future medical expenses of plaintiff-daughter. As stated previously, plaintiff-daughter is and was an adult at all times pertinent to the facts that gave rise to the current litigation. The law of this Commonwealth provides that "parents are entitled to medical expenses they have incurred and will incur because of their [child's] injury and for the loss of [the child's] services *during minority*." Schmidt v. Kratzer, 402 Pa. 630, 635, 168 A. 2d 585, 587 (1961). (Emphasis in original.) See also, Discovich v. Chestnut Ridge Transp. Co., 369 Pa. 228, 85 A. 2d 122 (1952). In the instant case, however, the child is not a minor and plaintiffs' counsel has cited no case in support of a parent's right to recover medical expenses incurred by an adult child. We believe that no such right exists and therefore the law will not permit recovery on this claim by plaintiffs.

Plaintiff-parent also claims damages for past and future loss of care, comfort and society of her daughter. Plaintiffs thus assume that a claim for loss of services of a child encompasses loss of consortium. Again, a claim by the parent for loss of services of a child cannot stand when the child is not a minor: Schmidt v. Kratzer, supra. Even if plaintiff-daughter were a minor, no cause of action exists in Pennsylvania on behalf of a parent for loss of consortium of the child: Ulicny v. Zapotowski, 56 Luz. 115 (1966).

The final allegation of the fifth cause of action is that plaintiff-parent "has been deprived of the financial support which she would have received from Plaintiff both in the past and for an indefinite period of time into the future." At common law, an adult child had no duty or obligation to contribute to the support of a parent: Albert Einstein Medical Center v. Forman, 212 Pa. Superior Ct. 450, 454, 243 A. 2d 181, 183 (1968). Any duty imposed on a child to support a parent, even an indigent one, is contractual or statutory. Id. In the instant amended complaint, no contractual or statutory obligation is stated and from the face of the amended complaint, it appears the daughter's financial support of plaintiff-parent was gratuitous and voluntary. The law does not impose liability for wrongful interference with such gratuitous and voluntary support. See, Cherry v. Nusbaum, 299 Pa. 91, 149 Atl. 110 (1930).

Upon examination of the law stated above, we agree with defendants that plaintiff's fifth cause of action fails to state a legally sufficient cause of action and we sustain their demurrers. This determination extends to both Count I and Count II of the fifth cause of action because the characteriza-

tion of the claims as "in assumpsit"[2] or "in trespass" is, in this instance, irrelevant to their legal sufficiency.

• • •

## Motion To Strike Fourth Cause of Action

The fourth cause of action, Paragraphs 61 through 103, is entitled "Plaintiff v. Defendants Lankenau, Gerson and Charry" and consists of one count in assumpsit and nine in trespass. As was done throughout the whole of the complaint, each of these ten counts begins by incorporating by reference "each and every allegation hereinbefore and hereinafter recited as if they were set forth here at length." Each of the ten counts purports to state causes of action against all three defendants jointly. All defendants objected specifically to various counts within the fourth cause of action for failure to state causes of action against them. We need not rule on the specific demurrers because we find we must strike the fourth cause of action in its entirety for reasons set forth as follows:

All defendants moved to strike the entire complaint, including the fourth cause of action, for failure to conform to the Rules of Court. Specifically, each defendant contends, in essence, that the complaint is prolix, confusing and impossible to answer. We are constrained to agree with defendants. Pa.R.C.P. 1022 states, in pertinent part, that "[e]ach paragraph shall contain as far as practica-

2. Although we do not base our decision on the following point, we note that plaintiffs failed to allege any facts that would show the existence of any contractual or quasi contractual agreement between the parties that would give rise to a cause of action in assumpsit.

ble only one material allegation." The standard is to be applied with "'great flexibility'" and "'[m]ere length, complexity, and verbosity do not in themselves violate Rule 1022 if the subsidiary facts averred fit together in a single allegation.'" General State Authority v. Sutter Corp., 24 Pa. Commonwealth Ct. 391, 394, 356 A. 2d 377, 380 (1976), quoting with approval, 2A Anderson, Pa. Civ. Prac. §1022.3. "[T]he test of compliance is the difficulty or impossibility one has in answering the complaint." Id. Granting plaintiffs the greatest of flexibility and ignoring deficiencies of length, complexity and verbosity, we believe the task of answering the allegations of the fourth cause of action to be singularly difficult if not impossible.

The difficulty in formulating a responsive pleading to this cause of action derives from plaintiffs' technique of incorporating by reference all previous and subsequent allegations and failure to delineate the defendants to whom the allegations apply so that they may appropriately respond. For example, Count I consists of only two paragraphs, numbers 61 and 62. Paragraph 61 is the incorporation by reference clause of Count I. The remaining paragraph merely states that:

"[T]he activities of all Defendants, and each of them, as hereinbefore and hereinafter recited, constitute a violation of the contractual obligations undertaken and as a result of such violation Plaintiff was caused to sustain the injuries hereinafter set forth."

Considering the complexity and variety of the preceding and subsequent causes of action and counts, it is impossible to determine which activities and contractual obligations plaintiffs refer

to. As stated in Bruaw v. Weaver, 68 York 13, 15 (1954), and Mikula v. Harrisburg Polyclinic Hospital, 58 D. & C. 2d 125, 131 (1972):

"'We think that a physician charged with negligence and unskillfulness in the practice of his profession is entitled to be advised of the specific acts of commission or omission which constitute the negligence and unskillfulness complained of, so that the plaintiff's proof may be confined to such acts, and so that he may reasonably prepare for his defense.' "

We realize that the above statement does not carry the weight it once did in light of our recently amended discovery rules. Nonetheless, each defendant has a right to be informed as specifically as possible of his activities of which plaintiff complains. Accordingly, the fourth cause of action is stricken.

### Demurrer, Motion To Strike And Motion For A More Specific Pleading As To Various Claims Of Plaintiffs Sounding In Assumpsit

All defendants have in some manner alleged that plaintiffs' latest amended complaint, in particular, Counts I, II, III, and V of the first cause of action, Count I of the second cause of action, Count I of the third cause of action (though it is labelled "in trespass," it alleges violation of the contractual obligations undertaken), and Count I of the fourth cause of action, purport to plead various claims in assumpsit but fail to specify in any detail whatsoever the existence, terms and conditions of defendants' alleged contractual or quasi contractual obligations, stating only conclusory averments. We agree. Should plaintiffs wish to state a cause of action in

assumpsit, plaintiffs should inform defendants of all of the essentials of such a claim. See 2 Goodrich-Amram 2d §1019(a):6.

Defendants would have us further hold that since the essence of a cause of action in assumpsit for medical malpractice (e.g., breach of implied warranty to use due care) is tortious in nature, plaintiffs' assumpsit claims should be stricken as being repetitive of and included in plaintiffs' other trespass claims. Various courts have adopted just such a theory. However, we have declined to do so: O'Boyle v. Soundarajan, 12 D.& C. 3d 729 (1979).

Additionally, defendants have alleged that many of plaintiffs' counts allege a breach of warranty or guarantee of a cure, without pleading any writing, contrary to the provisions of section 606 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.606. We agree. That section provides: "Provider not a warrantor or guarantor. *In the absence of a special contract in writing*, a health care provider is neither a warrantor nor a guarantor of a cure." (Emphasis supplied.)

It has long been the law in Pennsylvania that in the absence of a special contract, a physician neither warrants a cure nor guarantees the result of his treatment: Donaldson v. Maffucci, 397 Pa. 548, 156 A. 2d 835 (1959); Smith v. Yohe, 412 Pa. 94, 194 A. 2d 167 (1963). The above-quoted section of the act adds the requirement that such a special contract must be in writing. We note that this section applies only to an express warranty of a cure or guarantee of a result and does not affect, for example, an implied warranty to use due care, which a claimant might assert to support a cause of action in assumpsit.

Accordingly, the above-enumerated sections of plaintiffs' complaint are stricken for failure to state a cause of action.

• • •

Therefore, upon consideration of the preliminary objections of all defendants, plaintiffs' response thereto, the oral argument and the foregoing opinion, we enter the following

## ORDER

And now July 30, 1980, it is hereby ordered and decreed that plaintiffs' complaint is stricken in its entirety and plaintiff, Ilene Roberts, is granted one final opportunity to file an amended complaint in concise and summary form in accordance with the Rules of Civil Procedure within 20 days from the date this order is certified from the record.